**KERR, et, Plaintiffs-Appellants, v PARSONS, Defendant-Appellee.**

Ohio Appeals, First District, Clermont County.

No. 170.    Decided June 25, 1948.

**OPINION**

By HILDEBRANT, J.:

This is an action for damages, wherein plaintiff charges the defendant falsely represented there was an ample and sufficient supply of water for all ordinary household purposes, inducing plaintiff to buy the premises. Following a jury verdict, judgment was entered for the defendant. The appeal is on questions of law.

Error is assigned to the giving of the following two special charges at the request of defendant:

"I charge you, Ladies and Gentlemen of the Jury, that if you find from the evidence that the Defendant, William Parsons, or his agent, S. L. Larkin, honestly believed and had reasonable grounds to believe that the well on said premises contained sufficient water for all ordinary household purposes and did not, in fact, falsely and purposely misrepresent the water supply in said well, then and in that event there can be no recovery for the plaintiffs."

"I charge you, Ladies and Gentlemen of the Jury, that the present action is brought to recover damages for fraud or deceit practiced in the sale of land. To entitle the Plaintiffs to recover any amount there must be bad faith on the part of the Defendant. If any representations made by the Defendant, William Parsons, or his agent, S. L. Larkin, when made were believed to be true and the facts of the case were such as to justify the belief, there can be no recovery by the Plaintiffs and your verdict must be for the Defendant."

It is stated in 55 Am. Jur., p. 962:

"A purchaser of land who is induced to enter into the contract of purchase by the fraud of misrepresentations of the vendor or his agent or representatives has, as a general rule, an election to pursue one of several remedies. He may, despite the fraud, elect to affirm the contract, retain the property received under it, and bring an action at law for fraud and deceit against the vendor to recover the damages sustained by reason of the fraud or misrepresentations, * * *"

**19 O. Jur., 422,** states:

"Statements by the vendor of real property as to its con-dition, quality and character are generally regarded as mere expressions of opinion and, when such is the case, do not. constitute fraud. But some courts hold that false representa-tions as to the quality of land may constitute fraud, if made under such circumstances as will justify reliance thereon. In Ohio, misrepresenting the quality of land is a cheat which. will entitle the purchaser to recover for his injury."

As to the remedy, it is stated in **40 O. Jur., p. 940:**

"Another remedy available to the purchaser is an action to recover damages resulting from the fraud of the vendor."

Generally as to instructions by the Court in a fraud case, it is stated in **19 O. Jur., pp. 532, 533:**

"In an action based upon fraud, it is the duty of the court to instruct the jury as to what constitutes fraud. As a right of action founded on fraud is elusive in its nature, it is peculiarly necessary for the court to define the issues precisely and concretely. * * * What the court should do is to limit the issue to be determined by the jury in accordance with the case made and charge the law of fraudulent repre-sentation as applied to that precise point. * * * A charge to the jury ought not only to be correct, but to be so adapted to the case and so explicit as not to be misunderstood or mis-construed by the jury so that they will be misled."

At page 535 it is stated as to knowledge:

"The court in its instructions must clearly state the law as to the requirements for holding the defendant liable. A. charge that the defendant is not liable for a misrepresenta-tion if he honestly believes it true clearly states the law when connected with other instructions that such belief, where there are no good reasons for it, will be no excuse. So a charge that the defendant would not be liable for fraud and deceit if he honestly believed the representation made by him, but. that the jury should consider all the surrounding circum-stances, and if the defendant had good reason for believing his statement false, he would be chargeable with knowledge, clearly and concisely states the issues of fact and the law applicable to them."

In the record, plaintiff affirmatively exonerates the agent of knowledge of the falsity of representations made by him, so that the defendant is the sole person here charged with knowingly making false representations, but since they were in fact made through an agent, the following from Restatement of the Law of Agency, p. 460, seems pertinent here:

"A person is subject to liability for the consequences of another's conduct which results from his directions as he would be for his own personal conduct if, with knowledge of the conditions, he intends the conduct, or if he intends its consequences, except where the one directing or the one acting has a privilege or immunity not available to the other.

"a. The rule stated in this Section is not dependent upon the law of agency but results from the general rule, stated in the Restatement of Torts, that one causing and intending an act or result is as responsible as if he has personally performed the act or produced the result."

The comment at page 462 states:

"The master may be liable although the actor is not liable. This is true in those cases in which liability is based upon knowledge of facts which the master has but which the servant does not have."

It thus becomes apparent that if the agent relied upon the statements of the principal in making his representations to the plaintiff, his honest belief and lack of knowledge in their falsity would not relieve his principal.

It therefore appears that the inclusion of the agent in the two special charges was error. In effect the jury is told that if the agent honestly believed the representations made by him, their verdict must be for the defendant. This is incorrect and confusing, and prejudicial to the defendant.

While not prejudicial to the plaintiff, the general charge seems incomplete in failing to include a proper charge as to the knowledge of defendant.

Included in the general charge is a charge on warranty, which might be applicable to a sale of personal property under §§8394 and 8395 GC, but seems to have no application to a sale of real estate.

Ordinarily, there is no implied warranty as to the condition of real estate sold or leased, and oral evidence of a warranty would not be admissible to add to a deed or lease.

■■■■■■■■■■■■■■■■■■■■■■■■

Thompson on Real Property—Perm. Ed. Vol. 4, Sections 1545, 1546. An express warranty, to be enforceable, would be required to be in writing to satisfy the statute of frauds.

The evidence here is of representations only—not of promises, and the case should have been submitted to the jury solely upon the issue of fraud, that is, as an action in deceit.

It was, therefore, prejudicial error to so charge.

The judgment is reversed, and the cause remanded for further proceedings according to law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.