131 So.2d 884

**DRUID HOMES, INC.**

v.

**Charles F. COOPER et ux.**

1 Div. 913.

Supreme Court of Alabama.

June 29, 1961.

M. A. Marsal, Mobile, for appellees.

MERRILL, Justice.

This appeal is from a judgment of $4,500 based upon a complaint claiming damages for the breach of a written agreement dated December 1, 1955, to purchase a house and lot wherein it was implied that the dwelling was of substantial construction and was built in a workmanlike manner. The breach complained of was that the house was not constructed in a workmanlike manner and that water drained from the bathroom facilities and emptied under the house without any drainage, and damage resulted.

Tonsmeire & McFadden, Mobile, for appellant.

During the trial, a second count was added to the complaint, claiming damages for breach of an oral agreement allegedly made on November 11, 1955, in which appellant impliedly warranted that the house was constructed in a workmanlike manner.

The complaint was not filed until October 6, 1958. This is important only to say that a written warranty for one year was given that the building was in substantial conformity with approved plans and specifications of the Administrator of Veterans Affairs. Plaintiff received his deed, this warranty and occupied the house in December, 1955, rendering any action on the written warranty unavailing after December, 1956.

The first argued assignments of error allege error in the overruling of the demurrer to the two counts of the complaint.

■ This presents a question of first impression in this state. The question may be posed: Is a warranty implied, as a matter of law, in a contract to purchase real estate, that the improvements located thereon were constructed in a good and workmanlike manner?

The great weight of authority does not support implied warranties in real estate transactions but requires any purported warranties to be in written contractual form. 92 C.J.S. Vendor & Purchaser § 578; 55 Am.Jur., Vendor and Purchaser, § 368; Thompson on Real Property, Vol. 8, § 4599. No decision has come to our attention which permitted recovery by the vendee of a house upon the theory of implied warranty.

Most of the cases on this point cite Williston on Contracts, Vol. 4, § 926 (Rev. Ed.), which states:

"The doctrine of *caveat emptor* so far as the title of personal property is concerned is very nearly abolished, but in the law of real estate it is still in full force. One who contracts to buy real estate may, indeed, refuse to complete the transaction if the vendor's title is bad, but one who accepts a deed generally has no remedy for defect of title except such as the covenants in his deed may give him. Therefore, if there are no covenants, he has no redress though he gets no title. * * * Still more clearly there can be no warranty of quality or condition implied in the sale of real estate and ordinarily there cannot be in the lease of it.

"It is generally true also that any express agreements in regard to land contained in a contract to sell it are merged in the deed if the purchaser accepts a conveyance. If, indeed, the vendor has made misrepresentations, even innocently, rescission is possible in most jurisdictions, but no remedy is generally available for any breach by the vendor of any promise contained in the contract but omitted in the deed."

In Dennison v. Harden, 29 Wash.2d 243, 186 P.2d 908, 912, the court said:

"Without discussing under what circumstances implied warranties may be relied upon in the sale of personal property, we will dispose of appellant's argument on this point by saying that we have found no cases, and appellant has cited none, which recognize that there is such a thing as an implied warranty in the sale of real estate. In Pollard v. Lyman, 1 Day, Conn., 156, 2 Am.Dec. 63, certain land was found to be of no value and it was urged that there was an implied warranty of quality. The court said:

" 'As to the doctrine of implied warranty, that the article sold is of the ordinary quality of articles of its kind, or equal throughout to the sample seen, it applies only to articles susceptible of a standard quality, or which are sold by samples, and does not extend to lands which have no standard quality, and must depend, for their value, on a variety of circumstances, none of which are reducible to a common measure. * * *' "

To the same effect see: Allen v. Reichert, 73 Ariz. 91, 237 P.2d 818; Shapiro v. Kornicks, 103 Ohio App. 49, 124 N.E.2d 175; Kerr v. Parsons, 83 Ohio App. 204, 82 N.E.2d 303; Harmon Nat. Real Estate Corporation v. Egan, 137 Misc. 297, 241 N.Y.S. 708; Gilbert Construction Co. v. Gross, 212 Md. 402, 129 A.2d 518; Berger v. Burkoff, 200 Md. 561, 92 A.2d 376; Combow v. Kansas City Ground Investment Co., 358 Mo. 934, 218 S.W.2d 539, 8 A.L.R.2d 213; Smith v. Tucker, 151 Tenn. 347, 270 S.W. 66, 41 A.L.R. 830.

In the case of Steiber v. Palumbo, 219 Or. 479, 347 P.2d 978, 983, the court set out an Oregon statute disallowing any implied covenants in the sale of real estate; however, in the review of the action by purchaser for breach of implied warranty in the sale of a new house, the court gave a comprehensive review of many cases on the subject. The court concluded that "even apart from legislation such as ORS 93.140 the law refuses to imply in favor of the purchaser of an existing house warranties as to quality." For other comprehensive studies see: Dunham, "Vendor's Obligation as to Fitness of Land for a Particular Purpose," 37 Minn.L.Rev. 108; Selker, "Right of Purchaser in Sale of Defective House," 4 Western Reserve L.Rev. 357.

We feel that the rule of the cases cited above is sound, makes for certainty in the field of real estate law, and should prevail in this jurisdiction. Purchasers may protect themselves by express agreement embodied in their deeds, and vendors may be certain of their position as to liability for the condition of premises they have sold.

Count 2 of the complaint was also defective because it was in violation of the Statute of Frauds, Tit. 20, § 3; Dobson v. Deason, 248 Ala. 496, 28 So.2d 418. When a complaint, or any of its several counts, does not state a cause of action, a general demurrer on that ground is sufficient to call attention to the defect, since the court should on its own motion deny any recovery thereon by the plaintiff. Mc-

Carty v. Williams, 212 Ala. 232, 102 So. 133; John E. Ballenger Const. Co. v. Joe F. Walters Const. Co., 236 Ala. 548, 184 So. 275.

Since neither count stated a cause of action, it follows that the demurrer to both counts should have been sustained.

The judgment of the circuit court is reversed and one is here rendered sustaining the demurrer.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.