158 So.2d 904

**W. R. LUNSFORD**

**v.**

**Jack HOWARD et al.**

**6 Div. 960.**

Supreme Court of Alabama.

Dec. 12, 1963.

Corretti & Newsom, Birmingham, for appellant.

Marvin Cherner and Louis Fleisher, Birmingham, for appellees.

MERRILL, Justice.

Appellees sued appellant for damages, alleging breach of contract for the construction of a residence. The jury verdict and judgment thereon was in favor of appellees in the sum of $2100. A motion for a new trial was overruled and this appeal followed.

Count A of the amended complaint averred that appellant breached his contract with appellees by furnishing and installing heating and air conditioning equipment having smaller capacities for heating and cooling than those provided in the agreed plans and specifications.

Count B of the amended complaint alleged the furnishing of this equipment in smaller capacities than agreed upon, and that appellant falsely represented to appellees that the residence had been completed by him in accordance with the plans and specifications with intent to deceive the appellees and induce them to pay the full contract price for the construction of the residence. The cause was submitted to the jury on both counts along with appellant's plea in short by consent.

Appellant argues assignments of error 3, 5, 7 and 8. All charge error in the refusal of the court to give certain requested written charges.

The charges made the basis of assignments 3 and 7 were adequately and completely covered by the court's oral charge. The refusal of requested charges is not error where they are fully covered by the oral charge of the court. Parkinson v. Hudson, 265 Ala. 4, 88 So.2d 793; Tit. 7, § 273, Code 1940; Ala. Digest, Trial, ☞260(1) d.

Assignment 5 charges error in the refusal of the court to give Charge No. 5, which reads:

"The Court charges the jury that if you are reasonably satisfied from all the evidence that the defendant, W. R. Lunsford, made no representation with reference to the air conditioning and heating equipment then you cannot find for the plaintiffs."

This charge was properly refused because it was not limited to Count B. The principle of law stated in the charge would not be a defense to Count A which was for breach of contract. The rule is that where a complaint contains two or more counts, charges which are asked as being applicable to the whole complaint, but which are good as to only one of the counts, are properly refused. Manchester Fire Assurance Co. v. Feibelman, 118 Ala. 308, 23 So. 759.

Assignment 8 is based upon the refusal to give requested Charge No. 4, which reads:

"The Court charges the jury that if you find from all of the evidence that the plaintiffs entered into an agreement with Paul Burns of Air Engineers to accept the particular air conditioning equipment and unit which was placed in their dwelling house then you should return a verdict for the defendant and against the plaintiffs."

The appellees had told Burns that they wanted a heating and cooling system like the one in "the Harmon Berger house." The Bergers were friends of appellees and the unit in their home was giving satisfaction. A unit identical to that in the Berger house was installed for appellees, but it did not have the heating or cooling capacity required by the plans and specifications for appellees' house, and this defect was discovered the first winter and summer of occupancy.

There was no meeting of the minds of the parties that the installed unit should be less effective than required by the architect's specifications and Charge 4 was properly refused as being misleading. See Air Conditioning Engineers v. Small, 259 Ala. 171, 65 So.2d 698(9). Moreover, the conversation between appellees and Burns was specifically referred to by the court in the oral charge and this phase of the case was adequately covered therein. Requested Charge No. 4 was correctly refused.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.