196 So.2d 718

Huston CARTER

v.

Homer WEST et ux.

I Div. 362.

Supreme Court of Alabama.

March 16, 1967.

Mayer W. Perloff, Mobile, for appellant.

Harry Seale, Mobile, for appellees.

SIMPSON, Justice.

The appellees sued the appellant Huston Carter, Carter & Company, Carter Construction Company, and Indian Hills, a corporation, for breach of a contract made with appellees to construct for them in a good and workmanlike manner a dwelling house located in Indian Hills Subdivision in Mobile County. The complaint alleged that the plaintiffs had performed their part of the contract and that the defendants had breached the contract in that the work had not been done in a workmanlike manner, that a water shield had not been placed under the shower and that by reason thereof water flowed over a great portion of the house, doing a great deal of damage.

On the day of the trial, the plaintiff struck all defendants except Huston Carter and the case went to trial against him only. The evidence is that Mr. Carter personally talked to appellees about building them a house on a lot in Indian Hills Subdivision. He brought out pictures for them to look at and they selected the house they wanted. He later brought the plans and specifications and signed them. The specifications called for a water shield under the shower. Appellees gave him a check payable to Carter Construction Company as a down payment. After the house was completed the Wests were given a deed by Indian Hills, Inc. At that time they wrote a check to Indian Hills, Inc. for $425. They thereafter kept up the mortgage payments on the house.

After moving into the house it was discovered that every time someone took a shower, water ran all over the house. The appellees called on Mr. Carter several times to fix the house. It was never fixed. The evidence is undisputed that it was extensively damaged by water and that the water flowed all over the house because there was no "damp proofing" or water shield to catch the water from the shower. The jury returned a verdict for appellees in the amount of $8,500.

Appellant filed a motion for new trial which was denied. This appeal followed.

The appellant makes but two assignments of error:

"1. The trial court erred in its order of November 19, 1965 denying defendant's motion for a new trial.

"2. The trial court erred in refusing to defendant his requested written charge reading as follows:

"I charge you gentlemen of the jury, that if you believe the evidence in this case you will find for the defendant, Huston Carter."

It is the appellant's contention here that the judgment of the court is contrary to law in that the "evidence * * * clearly shows that a dwelling house was constructed by the defendant upon a piece of real property owned by a corporation known as Indian Hills, Inc. and that after said house was constructed it became real property in that it was attached to the land owned by Indian Hills, Inc. and that subsequent to the completion of the said house and its becoming real property the said real property was conveyed by warranty deed, which was accepted by the plaintiffs, and which said warranty deed did not contain any warranty of workmanship."

 In other words, the appellant is relying upon cases such as Druid Homes, Inc. v. Cooper, 272 Ala. 415, 131 So.2d 884, where it was held there is no implied warranty that improvements were constructed in a workmanlike manner in a contract to purchase real estate. In the *Druid Homes* case the purchaser sued the vendor of real estate for breach of a written agreement to purchase a house and lot wherein it was implied that the dwelling was of substantial construction and was built in a workmanlike manner. The breach complained of was that the house was not constructed in a workmanlike manner and that water drained from the bathroom facilities and emptied under the house without any drainage, and damage resulted. We have an altogether different case here. The evidence in this case is that Mr. Huston Carter made an agreement with the appellees to build a house in accordance with plans and specifications agreed upon. These plans and specifications called for the installation of "damp proofing" which experts testified meant a metal vessel which was to catch water from the shower. This was not included in the house. Huston Carter expressly agreed to build the house in accordance with these specifications. He breached this express agreement. Cases like *Druid Homes, Inc.*, supra, were not intended to indicate that there was no cause of action for the breach of an express agreement to construct improvements on real estate in a workmanlike manner. On the contrary, that case and those there cited deal with the exact opposite proposition where there is no agreement other than an agreement to purchase real estate. Where that is the case, *Druid Homes, Inc.* says only that there is no implied warranty of good workmanship as to improvements, but that the only warranties upon which the vendee may rely in such a case are those which are embodied in the deed. It should be noted here that the plaintiffs did not sue on an implied warranty, but an express agreement made between them and Huston Carter whereby the latter agreed to build the house in accordance with agreed upon plans and specifications. This case is controlled by such cases as Lunsford v. Howard, et al., 276 Ala. 48, 158 So. 2d 904. The case at hand, as *Lunsford*, involves no more than a suit for breach of contract for the construction of a residence. It is specifically alleged in the complaint filed here that the appellant breached his contract with appellees in that he did not perform the contract in a good and workmanlike manner and "failed to place a water shield under the shower bath causing water to run over large areas under the flooring, etc." The contract sued on was not for the sale of land, but was for personal services, to be performed by one party for another. The evidence conclusively shows that the appellant breached this express contract. There is evidence to support the damages found by the jury to have been sustained by the appellees as a result of the breach. It follows that the

judgment appealed from must be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.