PER CURIAM.
The sole question presented by this appeal is whether reversible error was committed by the order dismissing Count Two of the plaintiff’s amended complaint.
The order granting the motion to dismiss Count Two was not “with prejudice” and did not deny plaintiff Sorkin the right to amend. Thus, we are faced only with the question as to whether Count Two of the amended complaint stated a cause of action for relief against the defendant Rovin.
Count Two alleged, inter alia, that Sor-kin purchased from Rovin “the Bermuda House Apartments located at 1160 N. W. North River Drive, Miami, Florida.” There is no allegation that Sorkin purchased the realty on which the apartments were located or as to whether the purchase was by oral or written contract or by warranty, special or quit claim deed.
Sorkin alleged that Rovin constructed “a portion of the seawall” and that he “warranted that the sea wall was of good quality and well constructed.”
This allegation of warranty was construed by the trial court in its order to be for “breach of general implied warranty.” On appeal Sorkin argues that it is an express warranty. It is impossible to tell from the amended complaint whether the allegation was for breach of implied or an express oral or written warranty.
The defendant Rovin argues that implied warranties do not attach to a conveyance of real property. See Druid Homes, Inc. v. Cooper, 1961, 272 Ala. 415, 131 So.2d 884; Steiber v. Palumbo, 1959, 219 Or. 479, 347 P.2d 978, 78 A.L.R.2d 440; and Hoye v. Century Builders, 1958, 52 Wash.2d 830, 329 P.2d 474.
Alternatively, Rovin argues that if Count Two of the amended complaint alleged an express warranty agreement prior to the sale of real estate, the warranty merged into the deed and that no action *493 lies for breach of express warranties other than those contained in the deed. Cf. Milu, Inc. v. Duke, Fla.App.1967, 204 So.2d 31.
At this state of procedure, it is not necessary to rule on either of these arguments.
F.R.C.P. 1.110(b), 30 F.S.A. requires in part “a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.”
We hold that Count Two of the amended complaint failed to allege sufficient “ultimate facts” to state a cause of action against the defendant. It may be that the plaintiff Sorkin could have amended Count Two to have sufficiently stated a cause of action upon which relief could have been granted. He was never denied this right by the trial court.
For these reasons the order herein challenged is
Affirmed.