Following a directed verdict in their favor the Smiths were awarded damages from Capra for breach of implied warranty of habitability. The Court of Civil Appeals reversed, holding it was a jury question whether or not Capra was a "builder-vendor" and therefore subject to the rule of Cochran v. Keeton,287 Ala. 439, 252 So.2d 313 (1971). We granted certiorari. We reverse the Court of Civil Appeals and remand for further proceedings.
The facts of this case are set out in some detail in the opinion of the Court of Civil Appeals. Capra v. Smith, [MS August 23, 1978] 372 So.2d 317 (Ala.Civ.App. 1978). Here it is sufficient to note that the Smiths purchased a new home from Capra, a real estate broker who built the house in question for speculation. This house was Capra's first project and it appears that, although a contractor was involved, Capra herself took part in the supervision of the construction. Approximately two years after the Smiths purchased their home, the basement wall collapsed.
In 1971, this Court abandoned the rule of caveat emptor in the sale of a newly constructed house by a builder-vendor to the first purchaser, and held that in the future *Page 323 
such transactions would carry an implied warranty of habitability, or fitness for the use for which purchased.Cochran v. Keeton, 287 Ala. 439, 252 So.2d 313 (1971), aff'g47 Ala. App. 194, 252 So.2d 307 (1970). Capra attempts to escape liability under this doctrine by asserting that it was a jury question (1) whether or not she was the "builder" of the house, and (2) whether or not she was in the business of building, and selling houses, and therefore, subject to the implied warranty.
In regard to Capra's first contention, we refer simply to the following statement of facts, which apparently were not disputed, contained in the opinion of the Court of Civil Appeals:
 "Capra secured the financing, the lot and the plans and specifications. She directed a change in the elevation of the house and paid all the bills for labor and material." 372 So.2d 317.
This activity was sufficient to constitute Capra a "builder" as a matter of law.
Capra next contends that the implied warranty of habitability applies only to those in the business of building and selling houses, much as the implied warranties in the Uniform Commercial Code apply only to merchants. See §§ 7-2-104 (1) and7-2-314, Code Ala. 1975. Capra asserts that the jury should have been allowed to determine whether or not she was in the business of building and selling houses. We do not, however, view Capra's business or profession as the key to imposition of liability under Cochran v. Keeton. Instead the critical question is whether the construction and sale was commercial rather than casual or personal in nature. Cf. Klos v. Gockel,87 Wn.2d 567, 554 P.2d 1349 (1976). Thus a builder-vendor is just as liable for his first house as his one hundredth. Similarly, a part-time builder stands on equal footing with the corporate developer of tract housing. Such a rule naturally flows from the avowed purpose of the implied warranty of habitability, to inhibit the unscrupulous, fly-by-night, or unskilled builder and "to discourage much of the sloppy work and jerry building that has become perceptible over the years."Cochran v. Keeton, 47 Ala. App. at 198, 252 So.2d at 310,quoting Williston on Contracts, Vol. 7, § 926, 3d ed. 1963. Here, it was uncontroverted that Capra built this house for speculation, and that the transaction between her and the Smiths was purely commercial. Consequently, the trial court did not err in directing a verdict against Capra and in favor of the Smiths on the question of liability.
The Court of Civil Appeals is reversed and the cause is remanded to that Court for reconsideration in light of this opinion.
REVERSED AND REMANDED.
All the Justices concur.