JONES, Justice.
This is an appeal from a judgment entered on a directed verdict in favor of Merit Corporation (Merit). We reverse and remand.
Robert and Brenda Brown purchased a home from Merit in August 1980. The house had been constructed by Richardson Brothers Construction Company on a lot belonging to Merit. Merit paid Richardson Brothers out of the proceeds collected at the closing of the sale of the house.
The Browns began to experience numerous problems with, and to discover various defects in, the house within weeks of moving in. Attempts at repair or correction were unsuccessful. The problems continued through September 1984, when the house sustained fire and smoke damage because of a defect in the installation of the prefabricated fireplace. The Browns moved out of the house and sued Merit for breach of the implied warranty of fitness and habitability in the sale by a builder/vendor of a new house.
The trial court directed a verdict for Merit, noting that, although the Browns had substantially met the burden of proving breach of the warranty of habitability, they had proffered no evidence from which it could be inferred that Merit was the builder of the house — a necessary element of their claim. See Sims v. Lewis, 374 So.2d 298 (Ala.1979). The Browns bring this appeal, challenging the propriety of the directed verdict.
The issue, then, is whether the evidence of Merit’s acting as “builder/vendor,” viewed most favorably to the Browns, was so “free from doubt or adverse inference” that “all reasonable men must draw the same conclusion” from it, thus making the question one of law for the court, rather than one of fact for the jury. Turner v. Peoples Bank of Pell City, 378 So.2d 706 (Ala.1979).
The Browns argue that the decision in Capra v. Smith, 372 So.2d 321 (Ala.1979), while upholding the trial court’s directed verdict in favor of plaintiffs/buyers and against defendant/vendor, controls the instant case. There, the Court held that whether to impose liability upon a vendor for breach of the warranty of habitability does not depend upon the avowed profession of the vendor. Rather,
“the critical question is whether the construction and sale was commercial rather than casual or personal in nature. Cf. Klos v. Gockel, 87 Wash.2d 567, 554 P.2d 1349 (1976). Thus a builder-vendor is just as liable for his first house as his one hundredth. Similarly, a part-time builder stands on equal footing with the corporate developer of tract housing. Such a rule naturally flows from the avowed purpose of the implied warranty of habitability, to inhibit the unscrupulous, fly-by-night, or unskilled builder and ‘to discourage much of the sloppy work and jerry building that has become perceptible over the years.’ Cochran v. Keeton, 47 Ala.App. [194] at 198, 252 So.2d [307] at 310 [1970], quoting, Williston on Contracts, Vol. 7, § 926, 3d ed. 1963.” 372 So.2d at 323.
*401 In support of their contention that Merit is a “builder/vendor” within the contemplation of Sims v. Lewis, supra, and Capra v. Smith, supra, the Browns point out that the certificate of incorporation for Merit lists the improvement and sale of real estate as one of the company’s corporate purposes, and that Merit had engaged in construction and real estate improvement since its formation. Carl Richardson, president of Merit, is the father of David and Kenneth Richardson, the owners of Richardson Brothers Construction Company. David and Kenneth own 10% of the stock of Merit Corporation (5% each), with the balance belonging to Carl. Carl Richardson is the former president of Richardson Construction Company and was engaged in that business for a number of years. David and Kenneth worked for their father’s construction business until they began to operate the business as Richardson Brothers Construction Company in the same building where their father’s construction company had been located. Carl Richardson visits the offices of Richardson Brothers on an average of two to three times a week and stays in touch with the work Richardson Brothers does. Carl Richardson, as president of Merit, authorized Richardson Brothers to build the Browns’ home on one of several lots owned by Merit in that area, orchestrated the closing of the sale of the house by Merit to the Browns, signed the deed of conveyance as president of Merit, the grantor, and paid Richardson Brothers from the proceeds of the sale.
While this evidence offered by the Browns may not establish that Merit is a “builder/vendor” as a matter of law, clearly there is not that total absence of evidence of Merit’s activities which would allow a trial court to find, as a matter of law, that Merit was not a “builder/vendor.” The facts of this case are sufficient to support an inference in favor of the Browns’ claims and to require submission of those claims to a jury; thus, the entry of a directed verdict below was improper.
The judgment appealed from, therefore, is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.