BERGER ET UX. *v.* BURKOFF ET UX.
GOLDSTEIN ET UX. *v.* BURKOFF ET UX.
(Two Appeals in Separate Records)

[Nos. 19-20, October Term, 1952.]

562

*Decided November 7, 1952.*

The cause was argued before MARKELL, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Albert L. Sklar,* with whom was *Henry R. Wolfe* on the brief, for the appellants.

*Isidor Roman* for the appellees.

COLLINS, J., delivered the opinion of the Court.

Here are appeals from two summary judgments in two separate actions brought by the appellants, plaintiffs below, seeking damages from the appellees, defendants below, for alleged breach of warranties in the sale of two houses constructed by the appellees.

On January 17, 1950, Alex Burkoff and Helen Burkoff, his wife, Sellers and appellees, entered into an agreement of sale, under seal, with Joseph Berger and Elsie Berger, his wife, Buyers and appellants, by which "the said Seller does hereby bargain and sell unto the said Buyer, and the latter does hereby purchase from the former" a house admitted in the argument in this Court to be a finished house at 3304 Menlo Drive in Baltimore for the price of $15,900.00 subject to an annual ground rent of $120.00. The agreement provided that in the sale should be included storm doors and windows throughout the house, the gas range, garbage disposal and electric clock "now in first floor kitchen. A single drain board sink and an apartment size gas range" were to be installed in the kitchen of the second floor apartment. The Buyer was to receive a good and merchantable title at his expense. The following clause was included: "This Contract contains the final and entire Agreement between the parties hereto, and neither they nor their Agents shall be bound by any terms, conditions or representations not herein written; time being of the essence of this Agreement." The purchase was consummated, settlement was made, and deed passed on February 28, 1950.

On July 7, 1950, Alex Burkoff and Helen Burkoff, his wife, appellees and Sellers, entered into an agreement of sale, under seal, with Albert Goldstein and Sylvia Goldstein, his wife, appellants and Buyers, by which

"the said Seller does hereby bargain and sell unto the said Buyer, and the latter does hereby purchase from the former", a house admitted in this Court to be a finished house at 3305 Menlo Drive in Baltimore City for the price of $21,500.00 in fee. The agreement provided that the Buyer was to receive a good and merchantable title at his expense. The contract also included the same clause as quoted in the Berger contract aforesaid that the Contract contained the final and entire agreement between the parties. The purchase was consummated, deed passed, and settlement made on August 14, 1950.

On April 25, 1951, the Bergers aforesaid filed a declaration against the Burkoffs aforesaid "for money payable by the Defendants to the Plaintiffs". The declaration also contained a special count as follows: "For that heretofore on or about the 17 day of January, 1950, the Plaintiffs and the Defendants entered into an agreement whereby the Plaintiffs agreed to buy and the Defendants agreed to sell a dwelling house known as 3304 Menlo Drive, Baltimore, Maryland, which had been constructed by said Defendants; that prior to settlement of said property, which settlement took place on February 28, 1950, the Defendants warranted to the Plaintiffs that the basement of said premises so sold was waterproof and would remain dry; that relying on said warranty, the Plaintiffs made settlement of said property on the 28th day of February, 1950, and moved into said property; that thereafter the Plaintiffs discovered that the said basement of said dwelling was wet and damp, and that the Defendants had failed to waterproof said basement in accordance with the warranty of the Defendants; that as a result thereof, the Plaintiffs have been greatly injured and damaged and have suffered great loss by reason of a great flow of water into the basement of said dwelling, thereby causing great damage to said basement and equipment therein; that as a further result thereof, the Plaintiffs have been required to expend large sums of money to make said basement

of said dwelling waterproof, and have been caused other damage and injury." In answer to demand for particulars the following answer was filed: "The warranty made by the Defendants to the Plaintiff was as follows: That, they, the Plaintiffs, would never have water in the basement and that they, the Defendants, would stand in back of said warranty and guarantee same. The said warranty was given in February, 1950, prior to the settlement of said property and was made by the Defendant, Alex Burkoff, for himself and for Helen Burkoff, his wife. Said warranty was made orally and the consideration for said warranty was that the Plaintiff would consumate the purchase of said property because of said warranty given them by the Defendants." Damages were claimed in the amount of $3,000.00.

On August 3, 1951, the Goldsteins, aforesaid, filed a declaration against the Burkoffs, aforesaid, for money payable by the Defendants to the Plaintiffs. The declaration contained a special count as follows: "For that heretofore on or about the 7th day of July, 1950, the Plaintiffs and the Defendants entered into an agreement whereby the Plaintiffs agreed to buy and the Defendants agreed to sell a dwelling house known as 3305 Menlo Drive, Baltimore, Maryland, which had been constructed by said Defendants; that prior to settlement of said property, which settlement took place on August 14, 1950, the Defendants warranted to the Plaintiffs that the basement of said premises so sold was waterproof and would remain dry, and also said Defendants would service the said property wherever there was a building defect; that relying on said warranties, the Plaintiffs made settlement of said property on the 14th day of August, 1950, and moved into said property; that thereafter the Plaintiffs discovered that said basement of said dwelling was wet and damp, and that the Defendants had failed to waterproof said basement in accordance with the warranty of the Defendants, and also that the roof of the porch of said dwelling was not properly constructed; that as a result thereof, the Plaintiffs have

been greatly injured and damaged and have suffered great loss by reason of a great flow of water into the basement of said dwelling, thereby causing great damage to said basement and equipment therein, and also caused damage by the improper construction of said porch roof; that as a further result thereof, the Plaintiffs have been required to expend large sums of money to make said basement of said dwelling waterproof, and also to correct said porch roof, and have been caused other damage and injury." In answer to demand for particulars the following answer was filed: "The warranty made by the Defendants to the Plaintiffs was as follows: That, they, the Defendants, guaranteed and warranted that the property 3305 Menlo Drive, Baltimore, Maryland, had and would have a dry basement and also that the Defendants would service the said property for any defect. The said warranty was given in July, 1950, prior to the settlement of said property and was made by the Defendant, Alex Burkoff, for himself and for Helen Burkoff, his wife. Said warranty was made orally and the consideration for said warranty was that the Plaintiffs would consummate the purchase of said property because of said warranty given them by the Defendants." Damages were also claimed in the amount of $3,000.00.

After in each case: Demand for Particulars, Answer to Demand For Particulars, Defendant's Motion For Summary Judgment, Affidavit in Support of Motion For Summary Judgment, and General Issue Pleas, a Summary Judgment was granted in each case for costs of suit. From those judgments appellants appeal.

Appellants contend in this Court that there was an implied warranty, not expressed, to furnish a structurally satisfactory house. They cited no authority to sustain this contention. In *Williston on Contracts*, Volume 4, "Section 926. There are no implied warranties in sales of real estate", it is said: "The doctrine of *caveat emptor* so far as the title of personal property is concerned in very nearly abolished, but in

the law of real estate it is still in full force. * * * Still more clearly there can be no warranty of quality or condition implied in the sale of real estate and ordinarily there cannot be in the lease of it." It is stated in 8 A. L. R. 2d page 221: "As applied to chattels the theory of implied warranty has been widely accepted, but in the words of an eminent authority on the law of contracts [Williston on Contracts, supra] there are no implied warranties on sales of real estate." *Milkton v. French,* 159 Md. 126, 150 A. 28. We do not find any implied warranties in these agreements of sale.

There is no consideration here to support the agreements allegedly orally made by the appellants to the appellees subsequent to the contracts of sale "to guarantee that the Plaintiffs would never have water in the basement" or that the Plaintiffs "would have a dry basement and also that the Defendants would service the said property for any defects." There is no honest dispute over the interpretation of the original agreements of sale. *Hercules Powder Company v. Campbell,* 156 Md. 346, 362, 144 A. 510, 62 A. L. R. 1497; *Williston* on Contracts, Section 130, page 445. There are specific provisions therein that the contracts contain "the final and entire Agreements between the parties hereto." No fraud, accident, or mistake are here alleged. 75 A. L. R. 1033; 127 A. L. R. 132; 133 A. L. R. 1361. The general rule is that a promise to do, or actually doing that which a party to a contract is already under legal obligation to do, is not a valid consideration to support the promise of the other party to the contract to do additional work or to pay additional compensation for such performance. "In other words, a promise by one party to a subsisting contract to the opposite party to prevent a breach of the contract on his part is without consideration." *King v. Duluth M. & N. Ry. Co.,* 61 Minn. 485, 63 N. W. 1105, 1106; *Linz v. Schuck,* 106 Md. 220, 228, 67 A. 286, 11 L. R. A., N. S., 789; *Williston* on *Contracts,* Sections 130, 130A. These are not construction contracts as in *Linz v. Schuck, supra,* where

the refusal to perform on the contractor's part was induced by substantial and unforeseen difficulties, the performance of which would cast upon the contractor additional burdens not anticipated by the parties when the contracts were made. Neither are there here strong equitable considerations or unforeseen difficulties to explain the contractor's refusal to proceed under the original contract as in *Linz v. Schuck, supra.* See also 11 L. R. A., N. S., 789; 25 A. L. R. 1456. These are simple, definite and clear contracts without "unforeseen difficulties" for the sale of a finished house. *Bank v. Hurst Estate,* 187 Md. 333, 339, 50 A. 2d 133. As stated in *Armstrong v. Stiffler,* 189 Md. 630, 635, 56 A. 2d 808, 810: "Normally contracts are made to be performed, not to give an option to perform or pay damages. *Linz v. Schuck,* 106 Md. 220". The oral contracts on which the declarations were founded, being without consideration, judgments were properly entered for the appellees. It is not necessary that we decide whether the oral contracts are invalid for other reasons.

Under Summary Judgment, Rule 4 (a) of the General Rules of Practice and Procedure of this Court: Summary Judgment shall be rendered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." The question in these cases is whether the defendants, appellees, are liable on the alleged oral agreements, made after the execution of the agreements of sale. The pleadings plainly show that these oral agreements are without consideration and therefore as a matter of law the appellees are entitled to judgments. *Fletcher v. Flournoy,* 198 Md. 53, 81 A. 2d 232. Under the pleadings there were no facts to be passed upon by a judge or jury. The judgments will be affirmed.

*Judgments affirmed, with costs.*