**WHEATON PARK, INC., a body corporate, Appellant,**

v.

**Joseph R. LOMBARDI and Margaret V. Lombardi, Appellees.**

**No. 2310.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 5, 1959.

Decided March 20, 1959.

Jacob N. Halper, Washington, D. C., for appellant.

Jacob A. Stein, Washington, D. C., for appellees.

Herbert D. Horowitz, Washington, D. C., also entered an appearance for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellees entered into a contract wherein they were designated as purchasers and appellant as the seller. The contract provided for the sale of a lot in a development known as Wheaton Park in Montgomery County, Maryland, "with the improvements to be erected thereon," such improvements "to be substantially of the same general architectural design and construction as the model type house," and to be completed in approximately ninety days. Prior to signing the contract appellees had seen the sample house and had read appellant's newspaper advertisements describing the houses in this development as "superior in construction," "best built," and "quality all the way." A "hand-out" given appellees by a representative of appellant contained expressions such as "sound construction" and "quality with quantity." A salesman of appellant assured appellees the house would be "of very high quality" with materials of "top quality." When the house was nearly completed appellees observed what they considered to be many defects in it, and made a written list of such defects. At the time for settlement of the contract they went to the title company determined not to make settlement because of these defects, but there they were assured by an officer of appellant that if they signed the necessary papers they would have nothing to worry about because "the company would stand behind any necessary adjustments and repairs," and "anything that was not as it should be would definitely be squared away after we sign the documents and they have a chance to take care of them." Relying on these assurances appellees made settlement and took posses-

sion. Thereafter other defects, previously unobserved, appeared in the house. Appellant remedied some of the defects, but failed to correct all, and this action was brought by appellees for damages resulting from the unremedied defects. A jury awarded them $1,075, a sum considerably less than they sought.

Appellant argues that the judgment on the verdict cannot stand because the case should never have gone to the jury. This argument is based on two points.

First, it is argued that this contract by its own terms was "not to be construed as a contract to build the improvements mentioned herein"; that the transaction was simply one for the sale of a house; and that under the law of Maryland there are no implied warranties in the sale of real estate, citing Berger v. Burkoff, 200 Md. 561, 92 A.2d 376. Thus it is argued that, since there was no implied warranty and since the contract contained no express warranty and specifically provided that the parties would not be bound by any warranty not contained in the contract, appellees' claim must fall because it is not based on fraud or misrepresentation, but is essentially one for breach of contract.

The foregoing argument is not sound because it proceeds entirely upon the assumption that this contract was for the sale of a finished house, as was the case in Berger v. Burkoff, supra. When this agreement was made there was no house in existence, and, regardless of the provision of the agreement that it was not to be "construed" as one to build the improvements, it is obvious that appellees were agreeing to buy a house to be built by appellant and were not agreeing to buy a house already completed, that is, a finished house.

The situation here is similar to that in Kandalis v. Paul Pet Construction Co., 210 Md. 319, 123 A.2d 345, 347–348, where the agreement was to sell a parcel of land together with a dwelling to be erected thereon "similar in nature to a sample house," the contract providing that the dwelling was to be built "in substantial compliance with D Home." There the court said:

> "It is true that in this case no specifications were attached to the contract. However, defendant agreed to build the house for plaintiffs 'in substantial compliance with D Home,' with certain additions and exceptions. If D Home was a sample house with which the seller and the purchasers were familiar, the fact that no specifications were attached to the contract would not preclude plaintiffs from recovery for defendant's failure to construct the house in accordance with the understanding of the parties."

The issue of whether the house here involved was constructed in accordance with the understanding of the parties was properly submitted to the jury.

The second point made by appellant is that its undertaking, made immediately prior to the settlement, to correct the defects, was not binding because without consideration. The argument is that appellees were bound by the contract to make settlement, and that a promise to induce a party to do that which he is already under legal obligation to do is without consideration. Again, Berger v. Burkoff, supra, is cited.

This argument assumes that the house tendered was the one contracted for, but if it was not, as appellees contended, then they were not bound to settle. Knowing of defects in the house they had the right to demand assurance that those defects would be corrected. Otherwise, their acceptance of the house without protest could have constituted a waiver of their right to damages occasioned by the defects. Kandalis v. Paul Pet Construction Co., supra.

Affirmed.