ALLEN, ᴇᴛ ᴜx. *v.* WILKINSON, ᴇᴛ ᴀʟ.

[No. 271, September Term, 1967.]

*Decided July 1, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, McWILLIAMS, FINAN, SINGLEY and SMITH,
JJ.

*Harry B. Allen.* in proper person, with whom was *Leone S.
Allen,* in proper person, on the brief, for appellants.

*Peter F. O'Malley,* with whom were *DeBlasis & Kahler* on
the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

This appeal is taken from the Circuit Court for Prince
George's County, where Judge Parker sustained a demurrer to
the appellants' amended declaration without leave to amend.

On July 27, 1964, the appellants, Mr. and Mrs. Allen, pur-
chased from the appellees a completed house located on Lot 12,
Block 12, in a development known as Stan Haven Subdivision
in Prince George's County. The appellants subsequently moved
into the house, but, approximately nineteen months later, on or
about February 13, 1966, and on various occasions after that
date, the basement became flooded, with resulting damage to
the house and the personal property of the appellants. The Al-
lens filed a declaration alleging damages in the amount of
$1500. The appellees demurred to the declaration and the de-
murrer was sustained with leave to amend. A second declara-
tion was filed by the plaintiffs purporting to sound in both con-
tract and negligence, and to this the defendants filed a second

demurrer, which was sustained. It is from the ruling sustaining this second demurrer, without leave to amend, that this appeal was taken.

The appellants first contend that the demurrer was insufficient under subsections b and c of Maryland Rule 345 in that it did not contain sufficient detail and that it is a general demurrer and also was addressed only to count one of the amended declaration. Subsection b states: "A demurrer shall * * * state in detail the question of law or insufficiency of substance upon which the demurrer is founded." And subsection c provides: "A demurrer shall not be allowed for a mere informal statement of a cause of action or defense, provided such statement is sufficient in substance." There is no distinctly delineated test by which the sufficiency of a demurrer can be adjudged and each case must rest on its individual merits. It is, however, contemplated that a demurrer will contain a reasonably understandable statement of the question of law or insufficiency of substance that it raises. In the case before us the first paragraph of the demurrer states: "In sales of realty there are no implied warranties and the Doctrine of Caveat Emptor is in full force." The demurrer further lists points and authorities in support of this proposition which were considered by the lower court as sufficient. We think that the trial judge was correct in so finding.

Each of the three cases cited by the appellees as authorities in support of their demurrer below sets out the proposition that there is no implied warranty in the sale of real property. *Fegeas v. Sherrill*, 218 Md. 472, 147 A. 2d 223; *Gilbert Const. Co. v. Gross*, 212 Md. 402, 129 A. 2d 518; *Berger v. Burkoff*, 200 Md. 561, 92 A. 2d 376.

Subsection c of Rule 345 simply disallows a demurrer when the pleading is informal but is of sufficient substance to state a cause of action or defense.

The appellees concede the appellants' argument that a general demurrer must go to all counts of the declaration or be overruled, but maintained that their demurrer effectively disposes of both counts in the appellants' declaration. An examination of the entire pleading convinces us that they are correct. The amended declaration consisted of two counts, the first of

which sounded in contract, alleging the following breaches of an implied warranty in the failure to: (1) properly grade the property; (2) properly construct the footings, foundation, basement walls and floor, drains and drainage to and from the house; (3) properly waterproof the same; and (4) make adequate provisions for drainage of surface and subsurface waters. While the second count alleges that the appellees were negligent, it simply recites the same breaches contained in count one, and does not set forth any duty owed to the appellants by the appellees that does not depend on the contract referred to in both counts of the declaration. Since both counts depend upon the existence of an express warranty contained in the contract, or an implied warranty, a demurrer that attacks the existence of either of these would necessarily attack the legal sufficiency of both counts.

We recognize that as the law of this state stands today except in unusual circumstances there is no implied warranty in the sale of a completed residence and therefore the ruling of the lower court sustaining the defendants' demurrer must be upheld. We are also cognizant of a trend in some courts to find that an implied warranty exists where houses are mass produced and sold to individual purchasers by a builder-developer. *Bethlahmy v. Bechtel*, 415 P. 2d 698 (Idaho, 1966) ; *Carpenter v. Donohoe*, 388 P. 2d 399 (Colo., 1964) ; *Miller v. Cannon Hill Estates, Ltd.* [1931] 2 K. B. 13; *cf. Schipper v. Levitt & Sons, Inc.*, 207 A. 2d 314 (N. J., 1965). See also *Implied Warranties in the Sale of Realty*, 18 Md. L. Rev. 332; *Implied Warranties in the Sale of New Houses*, 27 Md. L. Rev. 299; *The Case for an Implied Warranty of Quality in Sales of Real Property*, 53 Geo. L. J. 633. We think that while there is some merit in the newer view that sales of some types of realty should be covered by an implied warranty, similar to the warranty implied in the case of many sales of goods and personal property today, that such a change should be made by the legislature rather than by the courts of this state.

> *Judgment affirmed, costs to be paid by appellants.*