THOMAS, et ux. *v.* CRYER, et al.

[No. 35, September Term, 1968.]

*Decided January 7, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, FINAN and SINGLEY, JJ.

*Marvin P. Sadur,* with whom were *Francis J. Pelland* and *Herman M. Braude* on the brief, for appellants.

No brief filed on behalf of appellees.

PER CURIAM:

Roger C. Thomas and Emily, his wife, sued the developer of

Suburban Estates in Prince George's County from whom they had bought a substantially completed house under a standard contract of sale dated March 11, 1966, alleging that on May 3, 1966, when they took title and possession the brick veneer surface and other exterior brickwork appeared (as it had on March 11) satisfactory and nondefective, but that during the winter of 1966-67 the brick veneer and other exterior brickwork crumbled and peeled, leaving a chipped pockmarked condition of widespread deterioration for which the builder-owner-seller of the house was responsible to the plaintiffs as "a breach of [his] contractual obligation to deliver to plaintiffs the premises free of defective workmanship and/or materials * * *."

When the case was at issue, Judge Bowie heard the parties on a motion to dismiss under Maryland Rule 535. It was stipulated that each side would proffer rather than introduce its evidence and the case decided on the basis of the proffers. Judge Bowie found that there was in fact no express warranty and that under the law of Maryland there is no implied warranty in the sale of real estate, and entered judgment for the defendant for costs.

The judgment must be affirmed. In *Allen v. Wilkinson,* 250 Md. 395, suit was for breaches of implied warranties for failure to grade the lot on which stood a completed house bought by the plaintiff from the builder-owner and for failure properly to construct the footings, foundations, basement walls and floors and drains, and for failure to waterproof and provide adequate drainage. In affirming judgment for the builder-owner, we said:

> "We recognize that as the law of this State stands today except in unusual circumstances [as where, for example, a house is to be built on order just like a sample house or a building is to be built to agreed on plans and specifications, *Gaybis v. Palm,* 201 Md. 78] there is no implied warranty in the sale of a completed residence and therefore the ruling of the lower court sustaining the defendants' demurrer must be upheld. We are also cognizant of a trend in some courts to find that an implied warranty exists where houses are mass produced and sold to individual purchasers by a build-

er-developer. [citations omitted] We think that while there is some merit in the newer view that sales of some types of realty should be covered by an implied warranty, similar to the warranty implied in the case of many sales of goods and personal property today, that such a change should be made by the legislature rather than by the courts of this state."

The legislature has not acted and we find nothing in the facts of the case before us, or otherwise, to persuade us that the position we took in *Allen* was wrong. For earlier cases which underlay the *Allen* decision, see *Polson v. Martin*, 228 Md. 343, 348-349; *Fegeas v. Sherrill*, 218 Md. 472, 476; *Gilbert Constr. Co. v. Gross*, 212 Md. 402, 408; *Berger v. Burkoff*, 200 Md. 561, 566-567; *Milkton v. French*, 159 Md. 126.

*Judgment affirmed, with costs.*