## SMITH ET UX. *v.* MILLWOOD CONSTRUCTION CORPORATION

[No. 174, September Term, 1970.]

*Decided January 7, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*John T. Bell,* with whom were *Charles W. Bell, Frank S. Cornelius* and *Bell & Bell* on the brief, for appellants.

No brief filed on behalf of appellee.

SMITH, J., delivered the opinion of the Court.

This is another in the line of cases arising between vendees dissatisfied with the quality of homes purchased and their vendors.[1] The contract here was made prior to

---

1. E.g., Neary v. Posner, 253 Md. 401, 252 A. 2d 843 (1969); Thomas v. Cryer, 251 Md. 725, 248 A. 2d 795 (1969), and Allen v. Wilkinson, 250 Md. 395, 243 A. 2d 515 (1968).

July 1, 1970, the effective date of Code (1970 Cum. Supp.) Art. 21, §§ 95-95D. We shall here affirm an order which sustained a demurrer without leave to amend.

In their declaration the appellants, Charles F. Smith and wife (Smith), alleged that appellee, Millwood Construction Corporation (Millwood), on July 11, 1968, entered into a written contract with them for sale of a home in Montgomery County. Smith said in pertinent part:

> "[T]he sellers warranted the house to be delivered in a new house condition and that the home would be constructed in a good workmanlike manner, that the said home was not delivered in new house condition and that the labor and materials were not good building practice, that notwithstanding many attempts by the Plaintiffs upon [sic] the Defendant Corporation's agents, servants, and/or employees to correct the defects and to deliver the home in a new house condition, the Defendant Corporation has failed and refused to do same, that the Defendant Corporation has breached the terms of its written contract, and that the Plaintiffs will have to expend monies to correct existing defects and to place the premises in a condition as represented by the Defendant Corporation in its parole [sic] representations and in its written agreement."

Prior to demurring to the declaration, Millwood demanded particulars "insofar as [the declaration] alleges that the Defendant Corporation made 'parole representations' and alleges a breach thereof", pointing out that the declaration did not allege who made the representations, when they were made, nor their nature and contents. Smith responded with the following to which Millwood took no exception:

> "The Plaintiff's [sic] in response to the Defendant Corporations [sic] Demand for Particulars says as Follows:

1. Robert R. Levick

2. The representations were made on or about August 19, 1968, and in the months of September, October and November of 1968

3. That the said Robert R. Levick acknowledged the existence of defects in the Plaintiff's home, but did not agree to make any of the repairs until May of 1969."

Millwood then filed a demurrer which Smith has not printed in the record extract, although its printing appears required by Maryland Rule 828 b 1.

The contract of sale between Smith and Millwood was on the printed form of a Montgomery County real estate broker. Typed into the contract was the statement, "House to be delivered in new house condition." Despite the allegations in the declaration, there was no warranty relative to construction "in a good workmanlike manner", nor was there a warranty relative to the quality of the materials used. A portion of the next to the last paragraph on the printed form reads:

"[T]his contract contains the final and entire agreement between the parties hereto, and neither they nor their agents shall be bound by any terms, conditions, statements, warranties or representations, oral or written not herein contained."

This case is considered upon the premise set forth in Smith's brief that the home was "a newly constructed dwelling house" and, therefore, one completed or nearly completed at the time the contract of sale was prepared. There is no claim that it had been occupied prior to its occupancy by Smith.

Two paragraphs from Smith's brief make it plain that Smith equated "new house condition" with an express warranty as to the condition of the house. In the statement of facts Smith said:

"In April of 1969, the Appellants filed suit in the Circuit Court for Montgomery County,

Maryland, against the Appellant Corporation, based on the express warranty in the sales agreement that the dwelling house was not delivered in 'new house condition' and that the seller had failed to honor his continuing verbal promises and guarantees toward that end."

Of the three paragraphs of argument in the brief, the only one actually touching the issue is:

"The Appellants respectfully submit that the contract between the parties in the instant situation, and as implemented by the representations of the duly authorized agent of the Appellee Corporation, sufficiently expressed that the purchasers were to be protected as to any defects which might be present in the Appellants' new home. The Appellants respectfully contend that the Trial Court misapplied the Maryland law of implied warranty to an express warranty situation."

If the term "in new house condition" is sufficiently explicit to constitute an express warranty, it is obvious that it could mean only that the home was to be delivered in a condition similar to that of a house which had not been occupied previously as differentiated from a house where wear and tear made it not new. Smith does not contend that the house had been occupied previously or that it had abuse similar to that one might expect from prior occupancy. Instead he seeks to interpret the words to mean a warranty as to the quality of workmanship and materials to be included in the home. No such meaning can reasonably be attributed to those words.

Although Smith speaks of Millwood's failure "to honor his continuing verbal promises", he did not see fit to particularize the declaration in a manner calculated to include any verbal promises made subsequent to the contract. The contract by its terms excluded warranties not contained in it. In *Allen v. Wilkinson*, 250 Md. 395, 243 A. 2d 515 (1968), Judge Marbury said for the Court:

"We recognize that as the law of this state stands today except in unusual circumstances there is no implied warranty in the sale of a completed residence and therefore the ruling of the lower court sustaining the defendants' demurrer must be upheld." *Id.* at 398.

The order of the circuit court sustaining the demurrer in this case must be upheld.

*Order affirmed; costs to be paid by the appellants.*