## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

John M. Sullivan et al.

v.

James N. Berry & Assocs., Inc., et al.

August 11, 1975

Case No. (Law) 1464

By JUDGE AUSTIN E. OWEN

The Court has carefully considered the memoranda filed herein by counsel in support of and in opposition to the demurrers and special pleas filed herein and, in addition, has considered the memoranda of counsel filed in Law Numbers 1533 and 1534 pending in this court and involving substantially the same points.

With respect to the question of whether or not there is an implied warranty in the sale of real estate in the State of Virginia, I find myself in agreement with the language set forth in *Thomas v. Cryer*, 248 A.2d 795 (Md. 1969), wherein that court at pages 795 and 796 quotes from its earlier decision in *Allen v. Wilkinson*, 243 A.2d 515 (Md. 1968), as follows:

> We recognize that as the law of this State stands today except in unusual circumstances . . . there is no implied warranty in the sale of a completed residence . . . . We are also cognizant of a trend in some courts to find that an implied warranty exists where houses are mass produced and sole to individual purchasers by a builder developer . . . . We think that while there is some merit in the newer

view that the sale of some types of realty should be covered by an implied warranty, similar to the warranty implied in the case of many sales of goods and personal property today, that such a change should be made by the legislature rather than by the courts of this state.

Recognizing that the language quoted above refers specifically to "the sale of a completed residence," and that plaintiff in its memorandum (though not in its motion for judgment) has indicated that the residence was not fully completed at the time of the signing of the contract of sale, said memorandum further indicates that "all of the complained of brick work was finished at the time the contract was signed" though some interior work was left to be done. Such factor would not change the opinion of the court as to the absence of any implied warranty as to the sale of the subject real estate.

It follows that the court does sustain the demurrers as to so much of Count I of the Motion for Judgment as alleges breach of an implied warranty by the vendor, Demober, Inc. The alleged liability of James N. Berry and Associates, Inc., James N. Berry and J. Harry Mote upon the theory of implied warranty, being based upon their relationships to the vendor, falls within the same ruling.

Count I also alleges, however, the breach of express warranties made by Demober, Inc., James N. Berry and Associates, James N. Berry and J. Harry Mote. The allegation in this regard refers to express warranties made on or about September 12, 1973, the same date as the contract of sale. Defendants contend that any action upon such warranties would be barred by the Statute of Frauds and by the doctrine of merger into the deed. Inasmuch as there was a written contract of sale and the transaction has been fully consummated, the Statute of Frauds does not appear pertinent to the issue. Whether or not evidence of any such express warranties would be admitted to vary the terms of the written agreement and whether or not such express warranties were terminated under the doctrine of merger do not appear to be property determinable upon these demurrers; especially in light of the fact that

the Court intends to grant leave to the plaintiffs to file an Amended Motion for Judgment.

With respect to the ground of misjoinder, the Court does also sustain he demurrer on the basis that the liability of the defendant, Cavalier Concrete Products, Inc., is not alleged to be joint with that of the other defendants.

With respect to the ground of duplicity, the plaintiffs in their memorandum deny any intent to seek damages for negligence and express the intend to proceed only upon the theory of breach of warranty. If an Amended Motion for Judgment should be filed, presumably this intent will be made manifest.

The Court overrules the demurrers and special pleas with respect to the ground of lack of implied warranty insofar as Count II of the Motion for Judgment is concerned. The Court has been cited to and has found no authority for the proposition that the implied warranty provided by statute with respect to goods (in this instance, bricks) ceases when such goods become incorporated into real property. Such a proposition would seem to defy logic, and it would seem clear that if such had been the legislative intent, it would have so provided.

The demurrer as to Count II is sustained, however, insofar as it purports to claim damages upon a breach of express warranty (paragraph 5) as there is no allegation of any express warranty by Cavalier Concrete Products, Inc. Likewise, and as set forth above, in light of plaintiff's expressed intention to proceed only upon the theory of breach of warranty, it is assumed that any amended motion for judgment will make such intent manifest.

For the reasons stated above, the Demurrers as to both counts of the Motion for Judgment are sustained, with leave to the plaintiffs to file an Amended Motion for Judgment within twenty-one days from the entry of an order in conformity herewith.