The defendants, Cooper Company Real Estate, Inc. (Cooper) and Cottage Hill Realty (Cottage Hill), appeal from a judgment entered against both defendants on a verdict for plaintiffs, Mr. and Mrs. Bryant, in an action to recover damages for concealment, deceit, misrepresentation, negligence, and breach of implied warranty in the sale of a used house.
In June of 1976, the Bryants, with the assistance of Cottage Hill and its salesman, Ed Welch, purchased a house, owned by Mr. and Mrs. Mixon and listed by Cooper, for a contract sales price of $23,200.00. Both Cooper and Cottage Hill received a commission on the sale of the house.
In October of 1976, the Bryants discovered a crack in the bathroom floor when they removed the carpeting left by the Mixons. The crack ran the entire length of the room. James E. Laier, a civil engineer engaged in soil mechanics and foundation engineering, inspected the house in July of 1977, and formed an opinion that the underlying slab had several cracks in it, one of which extended to the bathroom floor. It was his opinion that the house was settling differentially due to soft soil conditions and the cracked slab, and that the condition of the house would continue to deteriorate over time. It was his opinion that this condition had existed at the time the house was sold to the Bryants.
When the Bryants initially discovered the crack in the floor, Mr. Bryant telephoned Mr. Mixon, the former owner. The Mixons were aware of the crack in the bathroom floor and of a rear bedroom window that was out of alignment, but were unaware of the crack in the slab. Jim Waltman, agent of Cooper, the listing realtor, denied knowledge of the crack in the floor and, although he noticed that the window might be out of plumb, he could find nothing wrong with it. Waltman indicated on the multiple listing that the house was in excellent condition.
As a condition precedent to receipt by the Bryants of an FHA mortgage, an inspection of the house had been performed in June of 1976. The inspection report did not indicate that there were any serious problems with the foundation of the house at that time. The thoroughness of the inspection was subject to question at trial.
The Bryants filed suit against the Mixons; Cooper, the listing realtor; and Cottage Hill, the selling realty company. The complaint alleged willful concealment, misrepresentation, deceit, negligent and wanton conduct, and breach of implied warranty in the sale of the house. All three defendants moved for summary judgment. Only the motion filed by the Mixons was granted, and the case went to trial as to the remaining two defendants on all five counts of the complaint. Motions for directed verdict on all five counts filed by Cottage Hill and Cooper at the close of plaintiffs' case and at the close of all of the evidence were denied. The trial court submitted the case to the jury on all five counts. The jury returned a general verdict in favor of the Bryants and against Cottage Hill and Cooper. Motions by Cooper and Cottage Hill for judgment notwithstanding the verdict, new trial, and remittitur were denied. Both appeal and argue that the trial court erred in denying their motions for directed verdict and judgment notwithstanding the verdict. We reverse.
First, to recover for misrepresentation, the Bryants must prove that the realtors made a false statement of material fact upon which they justifiably relied. International Resorts, Inc.v. Lambert, *Page 1018 350 So.2d 391 (Ala. 1977). Both appellants argue that the Bryants have failed to prove the prima facie case.
The Bryants contend that the description of the house's condition as "excellent" that appeared in the multiple listing prepared by Cooper is an actionable misrepresentation. We do not agree. This case is indistinguishable from Harrell v.Dodson, 398 So.2d 272 (Ala. 1981), in which we held that such a notation in the listing is not actionable misrepresentation.
In Harrell, the purchaser of a used house discovered numerous structural defects in it after the real estate closing. The listing prepared by the realtor had described the condition of the house as "excellent." In upholding the directed verdict in favor of the realtors and seller, we said:
 "There is no evidence the notation was pointed out to the Harrells in answer to some specific question. In fact, there is no evidence to provide a basis for attaching to that representation an implied underlying representation of material fact that the house was in excellent condition justifying reliance upon it as such rather than merely an opinion to the same effect. We therefore conclude the Harrells failed to adduce sufficient evidence to support a cause of action for misrepresentation or fraud based upon the notation in the multiple listing book."
398 So.2d at 276.
Harrell is dispositive of this case and, in light of the fact that no other representations were made, we hold that Cooper and Cottage Hill are not liable on the claim of misrepresentation.
Second, regarding the issues of deceit and concealment, the Bryants allege that the realtors knowingly concealed the defective condition of the house from them. We have repeatedly held that silence is not actionable fraud absent a confidential relationship or some other special circumstances imposing a duty to disclose. Harrell, 398 So.2d 276; Marshall v. Crocker,387 So.2d 176 (Ala. 1980). See, also, Ala. Code 1975, §§6-5-102, et seq.
The Bryants argue that a real estate broker who is negotiating the sale of a house is under a legal duty to disclose to a buyer defects which affect the health and safety of the buyer. They rely on Cashion v. Ahmadi, 345 So.2d 268,269 (Ala. 1977), in which we stated:
 "A real estate broker may be hired to find a buyer or to find a seller. In either case the broker owes a duty of faithfulness to his principal.
 "`A broker is a fiduciary and holds a position of trust and confidence. . . . He cannot put himself in a position antagonistic to his principal's interest, by fraudulent conduct, acting adversely to his client's interests, or by failing to communicate information he may possess or acquire which is or may be material to his employer's advantage, or otherwise.' 12 Am.Jur.2d, Brokers, § 84."
We remanded the cause in Cashion to determine whether a realtor, who obtained the buyers and received one-half of the commission, where the house was sold on a multiple listing, was an agent of the buyer or of the seller.
Agency is normally a question of fact to be determined by the jury. Cashion, 345 So.2d 271. In the case at bar, however, there is not even a scintilla of evidence that Cooper, the listing realtor (and the only one who knew or might have known about the crack in the bathroom floor), was the agent of the Bryants. Cooper had been retained by the sellers and played no part in bringing the Bryants to the house. There were no direct dealings between the Bryants and Cooper.
Additionally, there was no "inequality of condition and knowledge, or other attendant circumstances" which would have obligated Cooper to speak. Marshall, 387 So.2d 179. The record clearly shows that the Bryants had several opportunities to inspect the premises and inquire about its condition. At the time, Mr. Bryant was employed by a company that tested ground conditions and structural qualities, and he *Page 1019 
knew of the importance of a good building foundation. We cannot hold, under these facts, that Cooper had a legal duty to communicate with the Bryants about the house.
Cottage Hill, being the realtor that did bring the Bryants to the house, may have been obligated to disclose defects in the house, but there was no evidence that it had any knowledge of any problems. "As a matter of law, one can only be liable for concealing facts of which one has knowledge." Harrell, 398 So.2d 276.
Thirdly, the trial court denied appellants' motions for directed verdict on the count of breach of implied warranty. This was reversible error. In the resale of used residential real estate, there is no implied warranty of habitability. The doctrine of caveat emptor still applies in this state in the sale of used residences. Ray v. Montgomery, 399 So.2d 230 (Ala. 1980). Here, the Bryants had ample opportunity to inspect, and, as mentioned, Mr. Bryant knew about the need to inspect. The facts show that the transaction was free of fraud and any unfair advantage. The authorities cited above compel a reversal as to both appellants on this count.
Finally, after a careful examination of the record, we find no evidence of any misconduct or negligence on the part of either appellant. The plaintiffs' evidence falls short of proof of a prima facie case under each cause of action. It was, therefore, error to deny the realtors' motions for directed verdict and judgment notwithstanding the verdict.
Accordingly, the judgment of the trial court is reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.