I would affirm as to defendant Tom West.
The misrepresentation claim is supported by a statement in Frederick O'Connor's affidavit filed in opposition to the motion for summary judgment, that West assured the plaintiffs that the home was "structurally sound." In a deposition taken three weeks before the affidavit, Frederick O'Connor had testified that he knew of nothing that West had told him about the house that was untrue and that he could not recall that West ever made any statement to him concerning the structural aspects of the house. West prudently suggests that O'Connor's isolated statement, removed from the totality of the witness's testimony, cannot satisfy the scintilla-of-evidence sufficiency standard, in accordance with Alabama Farm Bureau Ins. Co. v.Hunt, 519 So.2d 480 (Ala. 1987); Wilson v. Alabama Power Co.,518 So.2d 105 (Ala. 1987) (Houston, J., concurring specially); and Creel v. Brown, 508 So.2d 684 (Ala. 1987) (Houston, J., concurring specially).
Here, we are faced with a witness's apparent change of testimony, which would go to his credibility. Credibility is a jury question. West either made the representation, if you believe O'Connor's affidavit, or he did not make it, if you believe O'Connor's deposition. While such discrepancy concerns us, who want to perceive justice as being truth in action, it does not bring this case within the doctrine announced inAlabama Farm Bureau Ins. Co. v. Hunt, supra; Wilson v. AlabamaPower Co., supra; or Creel v. Brown, supra; that an isolated statement of a witness, removed from the totality of the witness's testimony, cannot satisfy the scintilla-of-evidence standard. We must believe that thorough and sifting cross-examination of O'Connor, on this apparent inconsistency, would permit the trier of fact to ascertain the truth.
I assume, as I must in reviewing the order granting summary judgment to West, that West did state that the house was "structurally sound." Even so, the trial court did not err in granting West's motion for summary judgment. West is a real estate salesman, not a contractor, and his statement was an opinion, not a statement of fact. Harrell v. Dodson,398 So.2d 272 (Ala. 1981); Ray v. Montgomery, 399 So.2d 230 (Ala. 1980). Likewise, as I understand O'Connor's affidavit, West's "structurally sound" comment was made before the execution of the contract that contained the "as is" provision. O'Connor had no right to rely upon the oral representation of a real estate agent that was made prior to his execution of the "as is" contract. Massey v. Weeks Realty Co., 511 So.2d 171 (Ala. 1987).
Therefore, the trial court did not err in granting West's motion for summary judgment as to the misrepresentation claim.
The evidence establishes that West, before the O'Connors bought the house, had no knowledge that the house was not adequately constructed. The O'Connors even admit in their excellent brief that "the alleged defect was one that only the owner and contractor, the defendant, George M. Scott, Jr., could have been aware of." One can only be liable for concealing facts of which he has knowledge. Lee v. UnitedFederal Sav. Loan Ass'n, 466 So.2d 131 (Ala. 1985); Harrellv. Dodson, supra. The trial court did not err in granting summary judgment to West on the suppression claim.
There is no allegation of a breach of an implied warranty in the O'Connors' complaint; therefore, whether the doctrine of caveat emptor would apply to the sale from the Scotts to the O'Connors is not before us. Even if it were to apply, it would be immaterial, with respect to West, since the implied warranty, if any, would not extend to the real estate salesman.
I believe that there was a scintilla of evidence of fraudulent concealment as George M. Scott, Jr. Mr. Scott constructed the house, was very experienced in the construction field, and had a degree in building construction from the Georgia Institute of Technology. There was expert evidence before the trial court, at the time summary judgment was granted, that the *Page 245 
home had inadequate support throughout the foundation of the house; that the "footings were not sufficiently and properly installed on [sic] the house"; that the house was not built in compliance with the minimum building requirements of the Southern Building Code in effect at the time it was built; and that these inadequacies could be ascertained only by an expert and only after thorough investigation. The inadequacy of the construction was denied by Scott. This makes a fact question for resolution by the jury requested by the O'Connors.