William M. Hays and Susan Hays sued John Olzinger and Rose Olzinger, after purchasing a house from the Olzingers that contained a pungent odor. In their complaint the Hayses alleged a claim of fraud against the Olzingers pertaining to the odor. The trial court entered a summary judgment for the Olzingers. The Hayses appeal.
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.;McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, at 958.
Rule 56 must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary *Page 108 
judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989). On review of a summary judgment, this Court reviews the record in a light most favorable to the nonmovant, and it must resolve all reasonable doubts against the movant.Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359
(Ala. 1993).
In January 1992 the Hayses were searching for a used house to purchase in Gadsden, Alabama. They contacted a local realtor named Brian Holland to aid them in their search. Holland showed them the Olzingers' house. During that visit, which lasted approximately 20 minutes, the Hayses noticed a distinct odor in the kitchen area. Mr. Hays described the odor as akin to "burnt turnip greens . . . or just an awful chemical smell." The Hayses assumed that the odor emanated from animals that lived in the house, including the Olzingers' parrot. On a second visit, which lasted approximately 45 minutes, the Hayses again noticed the odor and assumed that the parrot was its cause. According to Mr. Hays, a pot of potpourri was boiling on the stove at that time. The Hayses decided to purchase the house, and they closed the purchase on March 26, 1992. At no time did the Hayses question the Olzingers about the odor; in fact, according to Mr. Hays, they never spoke with the Olzingers. There is also no indication that the Hayses questioned the Olzingers through Holland. After purchasing the house, the Hayses determined that the odor stemmed from a pesticide that had been sprayed in the house in 1987.
The Hayses allege that a question of fact exists as to whether the Olzingers committed fraud by failing to disclose that the pesticide had been sprayed in the house. We disagree.
The rule of caveat emptor — "let the buyer beware" — applies to sales of used residential real estate in Alabama.Ray v. Montgomery, 399 So.2d 230 (Ala. 1980); Druid Homes, Inc.v. Cooper, 272 Ala. 415, 131 So.2d 884 (1961). However, the caveat emptor rule does not apply "when the purchaser of a used home inquires directly (either of the seller or of the seller's agent), prior to closing, about a material defect or condition of the home." Fennell Realty Co. v. Martin, 529 So.2d 1003,1005 (Ala. 1988).
There is no indication in the record that the Hayses made any attempt to question the Olzingers about the odor in their home. Instead, the evidence demonstrates that the Hayses merely assumed that the odor was due to the Olzingers' pets. Absent a question by the Hayses concerning the odor, the Olzingers were under no obligation to relate any information about the odor. Although the Hayses assert in their brief that this case is a "clear case of suppression," we find no evidence in the record to support this assertion. To the contrary, Mr. Hays testified that he had no information to show that the Olzingers knew about the pesticide. Although it appears clear from the facts that the Olzingers were aware of the odor, that awareness did not create an obligation to disclose information concerning the odor, without an inquiry by the Hayses. Assuming that the Olzingers were in fact boiling a pot of potpourri, that fact would not indicate suppression; instead, it would seem to call attention to the odor, which the Hayses say was perceptible notwithstanding the potpourri. The facts of this case illustrate the importance of a prospective homebuyer's questioning the seller regarding the history and condition of the house.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur. *Page 109