709 So.2d 1128 (1997)
Grover R. BLAYLOCK, et al.
v.
Charles D. CARY and Katherine E. Cary.
1952086.
Supreme Court of Alabama.
August 29, 1997.
Rehearing Denied January 23, 1998.
*1129 Hobart A. McWhorter, Jr., and Jeffrey P. Lisenby of Bradley, Arant, Rose & White, Birmingham, for appellants.
M. Clay Alspaugh and J. Lee Roberts, Jr., of Hogan, Smith & Alspaugh, Birmingham, for appellees.
SEE, Justice.
This is an appeal from a preliminary injunction enjoining foreclosure of a mortgage on residential real estate. Grover Blaylock and several of his family members (the "Blaylocks")[1] sold a used house to Charles and Katherine Cary. Although the Carys had actual notice that the house had water damage, they purchased it "as is." The Carys executed a note payable to, and a mortgage to, the Blaylocks. The Carys then refused to pay the note; and they filed an action alleging, among other things, a claim of suppression arising from the Blaylocks' failure to disclose the water damage. When the Blaylocks attempted to foreclose on the mortgage, the Carys sought and obtained a preliminary injunction to stay foreclosure pending the resolution of their claims.[2] We *1130 hold that the Carys did not demonstrate a likelihood of success on the merits of their claims; therefore, we dissolve the preliminary injunction and remand the case.
The record shows that in February 1996, the Carys purchased a house from the Blaylocks by executing an "as is" sales contract; paying $30,000 down; signing a note calling for a balloon payment of $330,500 on August 1, 1996; and executing a mortgage on the real estate to secure the note. Before purchasing the property, the Carys inspected the house. In addition, Mr. Cary individually inspected the house on a number of other occasions. The Carys also hired a building inspector to inspect the house, as required by the sales contract.[3] The pertinent portion of the building inspector's report noted that part of the substructure of the house was in an unsatisfactory condition and in need of repair. The report specifically noted "extensive water in the crawlspace is causing wood rot and fungus growth." Despite this report from the building inspector, the Carys purchased the house without further investigation.
A few months after the Carys moved into the house, a neighbor approached Mr. Cary and stated that he had previously inspected the house when he had considered purchasing it. The neighbor stated that the Blaylocks' real estate agent was present when the neighbor discovered water damage.
Two days before the due date for payment of the note securing the mortgage, the Carys sued the Blaylocks. They claimed, among other things, that the Blaylocks had fraudulently suppressed the existence of the water damage. The Carys defaulted on the note. The Blaylocks discovered that the Carys had no intention of paying the note and started foreclosure proceedings. The Carys obtained a preliminary injunction staying the foreclosure. The Blaylocks appealed.
This Court reviews a trial court's order granting a preliminary injunction for abuse of discretion. Alabama Power Co. v. Drummond, 559 So.2d 158 (Ala.1990). Before entering a preliminary injunction, the trial court must be satisfied: (1) that without the injunction the plaintiff will suffer immediate and irreparable injury; (2) that the plaintiff has no adequate remedy at law; (3) that the plaintiff is likely to succeed on the merits of the case; and (4) that the hardship imposed upon the defendant by the injunction would not unreasonably outweigh the benefit to the plaintiff. Perley v. Tapscan, Inc., 646 So.2d 585, 587 (Ala.1994) (citing Martin v. First Fed. Sav. & Loan Ass'n, 559 So.2d 1075 (Ala.1990)).
The Carys failed to demonstrate a likelihood of success on the merits. To succeed on the merits, they would have to prove that the Blaylocks had a duty to disclose the water damage and that the Blaylocks' failure to disclose induced the Carys to purchase the residence. Compass Point Condominium Owners Ass'n v. First Federal Sav. & Loan Ass'n, 641 So.2d 253, 255 (Ala.1994). Because Alabama adheres to the caveat emptor rule in the sale of used residential property, a seller ordinarily has no duty to disclose to the purchaser any defects in the property. Cato v. Lowder Realty Co., 630 So.2d 378, 382 (Ala.1993) (citing Boswell v. Coker, 519 So.2d 493 (Ala.1987)). The sales contract in this case embraced this general rule by providing:

"Purchaser has the duty to determine any and all conditions of the property material to Purchaser's decision to buy the property....
"....
"... Seller shall not be required to make any repairs to the property whatsoever under this contract. Purchaser has inspected the property, either personally or through others of Purchaser's choosing, *1131 and accepts the property in its present `AS IS' condition, including ordinary wear and tear to the closing. In consideration for this sales price, Purchaser accepts total responsibility for all repairs, improvements and/or defects in [the] property."
(Emphasis added.) Under the contract, the Blaylocks had no duty to disclose the water damage.
The Carys cite Fennell Realty Co. v. Martin, 529 So.2d 1003, 1005 (Ala.1988), for the proposition that a duty to disclose arises, despite "as is" language in a sales contract, if the seller knows of a material defect affecting the health or safety of the buyer that is not known to or readily observable by the buyer. In this case, however, the Carys admit that they knew of the water damage defect before they purchased the house.[4] The inspection report specifically stated that the house had suffered water damage. Thus, Blaylocks, the sellers, had no duty to disclose the water damage. See Compass Point, 641 So.2d at 255-56 (holding that no duty to disclose water damage existed where purchasers obtained property under an "as is" contract).
Moreover, the Carys failed to show that a lack of knowledge of the water damage induced them to purchase the house. See Compass Point, 641 So.2d at 255 (stating that, to support a claim for damages, the plaintiff must show that a suppression, or fraudulent concealment, induced him to act). On the contrary, the Carys admit that they purchased the residence in spite of their knowledge of the water damage, not because of any lack of such knowledge.[5]
Because the Carys failed to demonstrate a likelihood of success on the underlying merits of their action, we dissolve the preliminary injunction and remand the case.
PRELIMINARY INJUNCTION DISSOLVED; CASE REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, and KENNEDY, JJ., concur.
COOK, J., dissents.
*1132 COOK, Justice, dissenting.
I respectfully dissent. I do not agree with the majority that the trial court did not have sufficient evidence on which to grant the preliminary injunction.
The buyers hired a building inspector, who reported that the substructure of the home was in poor condition and that water in the crawlspace was causing wood rot and fungus growth. However, the buyers say, they did not know the extent of the water problem at the time of the report and they subsequently purchased the house believing the problem to be minor. It is true that Alabama retains the caveat emptor rule regarding the sale of used residential real estate, except when the buyer makes a direct inquiry into a material defect. However, "[I]f the agent [seller] has knowledge of a material defect or condition [in the used residential property] that affects health or safety and the defect is not known to or readily observable by the buyer, the agent [seller] is under a duty to disclose the defect and is liable for damages caused by nondisclosure." Fennell Realty Co. v. Martin, 529 So.2d 1003, 1005 (Ala.1988).
Probability of success on the merits exists in this case because there is evidence that the sellers knew the house had sustained water damage in a manner not known to, or not reasonably ascertainable by, the buyers. The buyers allege sufficient evidence of a water condition to present a health and safety issue. There is sufficient evidence to support the trial court's grant of the preliminary injunction; I find no abuse of discretion.
NOTES
[1] In addition to Grover Blaylock, the "Blaylocks" include Harry Blaylock, Hendon Blaylock DeBray, and Charles Blaylock. They all are siblings who inherited from their mother the real property at issue in this case.
[2] The Carys' complaint also names the following as defendants: (1) Johnson-Rast & Hays and Peggy Oglivie, the Carys' agents; (2) Brigham-Williams and Susan Canedy, the Blaylocks' agents; (3) Building Inspection Services and Wayne Moore, the company and its employee hired by the Carys to inspect the property; and (4) Guaranty Pest Control, Inc., and John Bates, the company and its employee who inspected the property for termites and provided a termite bond and report. This appeal, however, involves only the validity of the preliminary injunction against the Blaylocks' foreclosure.
[3] The sales contract provided:

"9. NECESSITY OF INSPECTION: Purchaser acknowledges and agrees that Alabama law imposes a duty on Purchaser to thoroughly inspect a property, for defects or otherwise, in accordance with the terms of this contract and prior to the sale...."
[4] The narrow "health or safety" exception to the general no-duty-to-disclose rule is also inapplicable to this case because the Carys, failed to make a sufficient showing that the water damage to the house (i.e., wood rot and fungus growth) posed a direct threat to their health or safety. Cf. Fennell, 529 So.2d at 1004 (holding that a duty to disclose a health hazard arose where the buyers of a house made a sufficient showing that a defect in the furnace serving the house would have, if not remedied, caused the release of carbon monoxide, resulting in the buyers' possible injury or death).

Moreover, the other two narrow exceptions to the general no-duty-to-disclose rule (i.e., fiduciary relationship and specific inquiry) are also inapplicable to this case. See Cato v. Lowder Realty Co., 630 So.2d 378, 382 (Ala.1993) (stating that the caveat emptor rule applies to the sale of used real estate unless a fiduciary relationship exists between the seller and the buyer or a unless the buyer makes specific inquiry of the seller) (citing Commercial Credit Corp. v. Lisenby, 579 So.2d 1291 (Ala.1991)). First, the record reflects no specific inquiry by the Carys of the Blaylocks or of the Blaylocks' real estate agent regarding the particular defect at issue the water damage. See Cato, 630 So.2d at 382. Second, the record reflects no evidence of any relationship, much less a fiduciary relationship, between the Carys and the Blaylocks other than that of arm's-length buyers and sellers who acted through qualified agents. See generally Compass Point Condominium Owners Ass'n v. First Federal Sav. & Loan Ass'n, 641 So.2d 253, 255 (Ala.1994) (holding that the seller had no noncontractual duty to disclose water damage to arm's-length buyers of residential real estate).
[5] The Carys also assert claims alleging fraud, negligence, and breach of warranty in support of the preliminary injunction. The record does not indicate a probability of success on the merits with respect to any of these claims. The Carys' fraud claim fails because they show no affirmative misrepresentation by the Blaylocks or the Blaylocks' real estate agent. See Ala.Code 1975, § 6-5-101 (conditioning recovery for fraud upon the showing of a misrepresentation by the defendant). The Carys' negligence claim fails, as does their suppression claim, because the Blaylocks had no duty to disclose the water damage. See Lowe's Home Centers, Inc. v. Laxson, 655 So.2d 943, 945-46 (Ala.1994) (stating that to prove a claim of negligence, a plaintiff must establish, among other things, that the defendant owed the plaintiff a duty). The Carys' breach of warranty claim fails because under Alabama law there is no implied warranty of habitability in the sale of used residential real estate. Compass Point Condominium Owners Ass'n v. First Federal Sav. & Loan Ass'n, 641 So.2d 253, 255 (Ala.1994). The Carys' warranty claim also fails because the sales contract specifically disclaims warranties by the seller and states that the purchaser takes the property "as is." Id. at 255.