MURDOCK, Justice.
Ross Teer and Wylene Sue Teer appeal from a summary judgment in favor of Judith A. Johnston by the Mobile Circuit Court on their action against Johnston arising out of their purchase of real property from Johnston.
7. Facts and Procedural History
In 2001, Mobile County placed a road near the residence then owned by Johnston. In conjunction with the road con *255 struction, the county installed culverts across her property to direct water runoff from the road into a creek behind Johnston’s property. Johnston complained several times to the county that the culverts were causing flooding on her property. She testified by deposition that water from the flooding never entered her residence but that the back lot of her property routinely flooded. After the county informed Johnston that it could not do anything about the flooding, Johnston decided to sell her property.
The Teers placed an offer to purchase Johnston’s property. On December 15, 2004, Johnston executed and submitted to the Teers a Seller’s Property Disclosure Statement (“disclosure statement”), which provided, among other representations, that there were no “flooding, drainage or grading problems” with the property and that the property had never flooded. In her deposition, Johnston claimed that she filled out the disclosure statement per the instructions of her real-estate agent and that she had expected her agent to make sure that the document conformed to what the agent knew to be the case about her property.
On March 29, 2005, the Teers signed a purchase agreement for the property, agreeing to buy the property for $149,500. The first paragraph of the purchase agreement stated, in pertinent part: “This contract constitutes the sole agreement between the parties and any modification hereto and any modifications of this contract shall be signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto.” Additionally, the purchase agreement contained the following clause:
“The BUYER accepts this property in its as is condition, except as may be specified herein. HEATING, COOLING AND AIR CONDITIONING EQUIPMENT INCLUDING ANY WINDOW UNITS, PLUMBING AND ELECTRICAL SYSTEMS and all INCLUDED APPLIANCES shall be warranted by the Seller to be in working order by the time of conveyance.”
(Capitalization in original.) The Teers contend that they signed the purchase agreement based on the representations set forth in the disclosure statement. It is undisputed that neither the disclosure statement nor the representations made in the disclosure statement were added as an addendum to the purchase agreement.
The sale of the property closed on April 25, 2005, and the Teers subsequently moved onto the premises. The Teers allege that the property flooded several times after they started living on the property, despite Johnston’s representations in the disclosure statement that the property had no flooding problems.
On June 8, 2007, the Teers sued Johnston, seeking rescission of the purchase agreement and damages for the costs the Teers incurred in purchasing and moving into the residence. The Teers alleged that Johnston committed intentional fraud by representing that the property had no flooding problems when she knew otherwise and that she thereby induced the Teers into signing the purchase agreement.
On May 22, 2008, Johnston filed a motion for a summary judgment, which the trial court subsequently denied on August 4, 2008, following a response from the Teers. On April 23, 2009, Johnston filed a renewed motion for a summary judgment. On June 8, 2009, the trial court granted Johnston’s renewed motion for a summary judgment, explaining, in pertinent part, in its order:
“The rule of caveat emptor applies on the sale of used real estate. Blaylock v. *256 Cary, 709 So.2d 1128 (Ala.1997). Although there are several exceptions to the general rule of caveat emptor, the facts of this case do not support any of those generally recognized exceptions. Because the purchase agreement signed by the parties contained an ‘as is’ clause, and because this transaction involves used real estate, the rule of caveat emptor applies in this case. Therefore, Plaintiffs’ fraud claims are foreclosed due to the fact that the Plaintiff accepted the property in its ‘as is’ condition. The rule having been recently upheld in the case of ERA Class.Com, Inc. v. Stoddard, [987 So.2d 1130] (Ala.Civ.App.2007).”
The Teers appeal.

II. Standard of Review

“ “We review a summary judgment by the same standard the trial court uses when it rules on a motion for summary judgment. Long v. Bankers Life & Cas. Co., 294 Ala. 67, 70, 311 So.2d 328, 329 (1975). A trial court should grant a motion for summary judgment where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Pitts v. Beasley, 706 So.2d 711, 712 (Ala.1997). If the movant makes a prima facie showing that there is no genuine issue of material fact, then the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989); Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990).’
“Ex parte Martin, 733 So.2d 392, 394 (Ala.1999). Substantial evidence is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
Ex parte Newton, 895 So.2d 851, 854 (Ala.2004).

III. Analysis

The Teers contend that the trial court’s ruling contradicts the “concept” of the statement in Fennell Realty Co. v. Martin, 529 So.2d 1003 (Ala.1988), that
“if [an] agent (whether of the buyer or of the seller) has knowledge of a material defect or condition that affects health or safety and the defect is not known to or readily observable by the buyer, the agent is under a duty to disclose the defect and is liable for damages caused by nondisclosure. This duty is also placed on the seller.”
529 So.2d at 1005.
As Johnston observes, however, the Teers presented no evidence indicating that the condition complained of in this case — flooding of the rear of the property — constitutes a “material defect ... that affects health or safety.” In Blaylock v. Cary, 709 So.2d 1128, 1131 n. 4 (Ala.1997), this Court stated that the “ ‘health and safety’ exception” to the general rule of caveat emptor is a “narrow” one, and that, in order for it to be invoked, the complaining party must make “a sufficient showing” that the defect “posed a direct threat to [his or her] health or safety.” There is no such evidence in the record in this case.
The Teers also contend that the trial court’s judgment conflicts with the fraud exception to the general rule that a contract for the sale of real property merges into the deed given in fulfilment of that contract:
“ ‘[0]rdinarily, in the absence of fraud or mistake, when a contract to convey *257 has been consummated by the execution and delivery of the deed, the contract becomes functus officio, and the deed becomes the sole memorial and expositor of the agreement between the parties, and upon it thereafter the rights of the parties rest exclusively....’”
Jones v. Dearman, 508 So.2d 707, 709 (Ala.1987) (quoting Alger-Sullivan Lumber Co. v. Union Trust Co., 207 Ala. 138, 142, 92 So. 254, 257 (1922) (emphasis added)). The Teers argue that because there is evidence in this case indicating that Johnston committed fraud, the purchase agreement is not the sole memorial of the agreement between the parties and that they have a right under the disclosure statement to be compensated for Johnston’s misrepresentation.
The Teers’ argument is misdirected. Because of the nature of their claims, the Teers never get to the question of whether they have rights under the terms of their contract that survive the execution and delivery to them of the deed. Rather, the Teers seek to recover for an alleged fraudulent misrepresentation. To do so, they must establish that the fraudulent misrepresentation survived the execution and delivery of their contract. For the reasons explained by the trial court, it did not.
In Massey v. Weeks Realty Co., 511 So.2d 171 (Ala.1987), this Court stated:
“ ‘Alabama retains the caveat emptor rule with regard to the resale of used residential real estate. Druid Homes, Inc. v. Cooper, 272 Ala. 415, 131 So.2d 884 (1961). Although we have abrogated the caveat emptor rule in sales of new residential real estate by a builder/vendor, Cochran v. Keeton, 287 Ala. 439, 252 So.2d 313 (1971), we have not extended the Cochran rule to the sale of used homes, and we are not inclined in this case to depart from a long-standing rule which provides certainty in this area of the law. A purchaser may protect himself by express agreement in the deed or contract for sale. 272 Ala. at 417, 131 So.2d 884. Here, the contract expressly provided “no warranties” and “as is” clauses to which the [purchasers] agreed. They had ample opportunity to inspect the bearing timbers of the house before purchasing it.’ ■ '
[[Image here]]
“One of the four elements of actionable fraud is justifiable reliance![1]] Lucky Manufacturing Co. v. Activation, Inc., 406 So.2d 900 (Ala.1981). On the basis of Marshall v. Crocker, 387 So.2d 176 (Ala.1980), and Holman v. Joe Steele Realty, Inc., 485 So.2d 1142 (Ala.1986), under the undisputed facts in this case, as a matter of law, Massey did not have the right to rely on' the oral representations of Ms. Goodson made prior to the execution by Massey of the form containing the ‘as is’ provision and the purchase agreement that provided that the realtor did not warrant or guarantee the condition of the property.”
511 So.2d at 173 (quoting Ray v. Montgomery, 399 So.2d 230, 233 (Ala.1980)). Thus, in Massey the Court concluded that an “as is” clause contained in a purchase agreement or deed for sale of used property is not negated by fraud.
Several cases followed Massey in upholding this rule, including O’Connor v. Scott, 533 So.2d 241, 243 (Ala.1988) (acknowledging that “a vendor or purchaser may protect himself by limiting his liability *258 for the condition of the premises sold” by incorporating an “as is” clause); Haygood v. Burl Pounders Realty, Inc., 571 So.2d 1086, 1089 (Ala.1990) (observing that even if the plaintiffs “were induced to sign the ‘as is’ clause by assurances of the [the defendants],” their “signing of the two documents that indicated no reliance” made summary judgment for the defendants proper); Leatherwood, Inc. v. Baker, 619 So.2d 1273, 1274 (Ala.1992) (stating that although the Court “sympathize^ with the [plaintiffs], because it [was] clear from the record that the problems with the house [were] severe,” the plaintiffs “signed an ‘as is’ statement” and judgment for plaintiffs was due to be reversed); Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 924 (Ala.2002) (explaining that “[w]here a purchaser’s direct inquiry would otherwise impose a duty of truthful disclosure, this Court has held that a purchaser’s fraud claim is precluded by language in a sales contract stating that the purchase is ‘as is’ ”); and Clay Kilgore Constr., Inc. v. Buchalter/Grant, L.L.C., 949 So.2d 893 (Ala.2006). In Clay Kilgore Construction, the Court succinctly summarized the law and its rationale in cases such as these, explaining:
“Under a growing body of Alabama caselaw involving circumstances in which the rule of caveat emptor is applicable, a fraud or fraudulent-suppression claim is foreclosed by a clause in a purchase contract providing that the purchaser of real property accepts the property ‘as is.’ ... This is so, because an ‘as is’ clause negates the element of reliance essential to any claim of fraud and/or fraudulent suppression. Haygood [v. Burl Pounders Realty, Inc.], 571 So.2d [1086] at 1089 [ (Ala.1990) ]; Massey [v. Weeks Realty Co.], 511 So.2d [171] at 173 [ (Ala.1987) ]; and Gaulden v. Mitchell, 849 So.2d 192, 199 (Ala.Civ.App.2002).”
949 So.2d at 897-98 (some citations omitted).
There is no dispute that the Teers purchased used real property and that the rule of caveat emptor applies to such sales. See, e.g., Blaylock, 709 So.2d at 1130 (stating that “Alabama adheres to the caveat emptor rule in the sale of used residential property,” and, therefore, “a seller ordinarily has no duty to disclose to the purchaser any defects in the property”). It is also undisputed that the Teers signed the purchase agreement, which contained both a merger clause and an “as is” clause, three months after Johnston executed the disclosure statement. The Teers did not incorporate the disclosure statement into the purchase agreement, and, thus, they did not “ ‘protect [themselves] by express agreement in the ... contract for salé.’ ” Massey, 511 So.2d at 173 (quoting Ray, 399 So.2d at 233). Under the rule enunciated in the Massey line of cases, the Teers’ fraud claim against Johnston is precluded by the “as is” clause contained in the purchase agreement.
The Teers have expressly asked us to overrule Massey and its progeny, citing a dissent by then Chief Justice Hornsby in Leatherwood as support for this request. In Moore, this Court summarized Chief Justice Hornsby’s dissent, explaining:
“He reviewed the law of other states and concluded that ‘[v]irtually every other state that has addressed the effect of an “as is” provision in a contract for the purchase of used residential real estate has held that the “as is” provision does not insulate a vendor from liability for fraud.’ Leatherwoodl Inc. v. Baker], 619 So.2d [1273] at 1276 [(Ala.1992)] (Hornsby, C.J., dissenting). After citing numerous cases from other jurisdictions holding that an ‘as is’ clause does not preclude a fraud claim, the dissent stat *259 ed: ‘I would abandon the position this Court adopted in Massey, because it distorts the law of this state and permits a vendor to contract away liability for intentional wrongdoing. Instead, I would adopt the position that an “as is” purchase contract does not shield a vendor from liability for fraudulent inducement.’ 619 So.2d at 1276.”
Moore, 849 So.2d at 925.
The Moore Court provided its summary of Chief Justice Hornsby’s dissent in the course of discussing whether to overturn Massey and its progeny. The Court acknowledged that it had ruled in at least one case released after Massey-Boswell v. Coker, 519 So.2d 493 (Ala.1987) — that an “as is” clause did not preclude the plaintiffs claim of fraud. The Moore Court summarized Boswell as follows:
“In Boswell, the purchaser, after signing the sales contract, complained to the seller’s real estate agent about the roof. The seller, a bank, instructed the real estate agent to have the roof inspected. After an inspection, the roofer informed the real estate agent that ‘comparing the cost of repairing the roof to what it would cost to reroof the house, it would be better to reroof the house entirely.’ 519 So.2d at 494. The seller did not want to put a new roof on the house, but instead instructed the real estate agent to have minor repairs made. The buyer was not told that the roofer had stated that, considering the comparative costs, it would be better to reroof the house. The buyer also claimed that the real estate agent stated that the roof was in excellent condition. After moving into the house, the buyer discovered that the roof leaked. This Court — without citing Massey, which had been decided six months earlier — reviewed cases holding that a real estate agent has a duty to speak truthfully when responding to direct inquiries. Without discussing the import on its analysis of the ‘as is’ language, this Court reversed the summary judgment in favor of the real estate agent, holding that jury questions existed as to whether the real estate agent’s failure to respond completely to the purchaser’s questions was a breach of her duty to disclose and whether the purchaser’s reliance on the real estate agent’s statements was reasonable. Boswell, 519 So.2d at 496. Neither the majority opinion nor the dissent in Leatherwood[ Inc. v. Baker, 619 So.2d 1273 (Ala.1992),] cites Boswell; neither does the opinion in Haygood [v. Burl Pounders Realty, Inc., 571 So.2d 1086 (Ala.1990) ].”
Moore, 849 So.2d at 925 (emphasis omitted). The Moore Court declined to overrule the Massey line of cases based on Boswell, reasoning:
“We are unable to reconcile Boswell with Leatherwood [ Inc. v. Baker, 619 So.2d 1273 (Ala.1992)], Haygood [v. Burl Pounders Realty, Inc., 571 So.2d 1086 (Ala.1990) ], and Massey. Even if we were sympathetic to Chief Justice Hornsby’s argument that an ‘as is’ statement in a contract should not preclude a fraud claim, at least where such a claim is predicated on an affirmative misrepresentation by the seller or seller’s agent, the Moores do not ask us to overrule Haygood, Leatherwood, or Massey. In fact, the Moores do not cite any of these three cases, and no party cites Massey. Given the state of the briefs in this appeal, ... we decline on this occasion to revisit the rule from Haygood and Leatherwood, cases decided after Boswell, holding that ‘as is’ language in a contract for the purchase of used residential real estate precludes a fraud claim. Stare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to over *260 rule controlling precedent when it is not invited to do so.”
849 So.2d at 925-26.
Employing reasoning similar to that in Moore, the Court in Clay Kilgore Construction declined to overrule the Massey and its progeny because
“[the plaintiff] does not cite any of those cases [Massey, Haygood, and Moore ], and it does not ask us to overrule that line of authority. Even if we would be amenable to such a request, we are not inclined to abandon precedent without a specific invitation to do so. ‘Stare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to overrule controlling precedent when it is not invited to do so.’ Moore, 849 So.2d at 926.”
949 So.2d at 898 (emphasis omitted).
In Nesbitt v. Frederick, 941 So.2d 950 (Ala.2006), the plaintiffs expressly asked the Court
“to overrule a line of Alabama cases holding that ‘[w]here a purchaser’s direct inquiry would otherwise impose a duty of truthful disclosure, this Court has held that a purchaser’s fraud claim is precluded by language in a sales contract stating that the purchase is “as is.’” Moore, 849 So.2d at 924 (citing Leatherwood v. Baker, 619 So.2d 1273, 1274-75 (Ala.1992); Haygood v. Burl Pounders Realty, Inc., 571 So.2d 1086, 1089 (Ala.1990); and Massey v. Weeks Realty Co., 511 So.2d 171, 173 (Ala.1987)).”
941 So.2d at 956. The Court declined the invitation, however, because it determined that the plaintiffs had “failed to present sufficient evidence to overcome the Fred-ericks’ summary-judgment motion on their claims of fraudulent misrepresentation and fraudulent suppression.” Id.
The Moore, Nesbitt, and Clay Kilgore Construction Courts overlooked this Court’s decision in Cruse v. Caldwell Banker/Graben Real Estate, Inc., 667 So.2d 714 (Ala.1995). In Cruse, the Court concluded:
“The evidence establishes that Graben Real Estate misrepresented a material fact and creates a jury question as to whether the Cruses could have justifiably relied upon this misrepresentation in deciding not to closely inspect the house before buying it. The fact that the Cruses knew the house was occupied . by a third party before they bought it, along with the fact that they signed an ‘as is’ agreement, separate from the purchase contract, for a house they claim to have regarded as new, are elements for the jury to consider.”
667 So.2d at 716-17. Justice Houston, citing Leathei'wood, Haygood, and Massey, dissented in Cruse, stating that “the Cruses could not have justifiably relied on the representations of Coldwell Banker/Gra-ben.” 667 So.2d at 717 (Houston, J., dissenting).
Unlike the plaintiffs in Moore and Clay Kilgore Construction, the plaintiffs in this case have expressly requested that we overrule Massey and its progeny. Also, unlike Nesbitt, the Teers have presented substantial, evidence of their fraud claim. Therefore, we are faced directly with the choice of following Massey and its progeny or abandoning it for the reasons provided by Chief Justice Hornsby in his dissent in Leatherwood.
Chief Justice Hornsby’s first reason for abandonment of the Massey rule was that “[v]irtually every other state that has addressed the effect of an ‘as is’ provision in a contract for the purchase of used residential real estate has held that the ‘as is’ provision does not insulate a vendor from liability for fraud.” Leatherwood, 619 *261 So.2d at 1276 (Hornsby, C.J., dissenting). While it remains true that several jurisdictions permit claims of fraud despite the existence of an “as is” clause in a contract for the sale of used real property, some jurisdictions recently have concluded that the buyer could not demonstrate the requisite reliance upon the representations of the seller because of the existence of an “as is” clause in the purchase agreement or deed. See, e.g., Kopley Group V., L.P. v. Sheridan Edgewater Props., Ltd., 376 Ill.App.3d 1006, 1019, 876 N.E.2d 218, 229-30, 315 Ill.Dec. 218 (2007); Crandall v. Grbic, 36 Kan.App.2d 179, 192-93, 138 P.3d 365, 376 (2006). Moreover, what matters is not the number of jurisdictions following one rule or the other, but rather which rule is more appropriate. This leads to Chief Justice Hornsby’s second, more substantive, reason for urging the abandonment of the Massey rule.
Chief Justice Hornsby argued that the Massey rule “permits a vendor to contract away liability for intentional wrongdoing.” Leatherwood, 619 So.2d at 1276 (Hornsby, C.J., dissenting). In fact, what the Massey rule does is place the onus on the buyer to protect his interest through his own investigation and inspection of the property being purchased. This should not be surprising, given that “[t]he rule of caveat emptor — ‘let the buyer beware’— applies to sales of used residential real estate in Alabama.” Hays v. Olzinger, 669 So.2d 107, 108 (Ala.1995). The buyer’s awareness should be heightened even more when the buyer is signing a purchase agreement or deed that contains a disclaimer as ubiquitous as an “as is” clause in a residential real-property transaction. It is because such a clause serves as a clear and common disclaimer of any previous representations that “an ‘as is’ clause negates the element of reliance essential to any claim of fraud and/or fraudulent suppression.” Clay Kilgore Constr., 949 So.2d at 898. Moreover, as the Court noted in Massey, the buyer is not without recourse in preserving the viability of previous representations by simply negotiating for the inclusion of such representations in the deed or contract for sale.
In short, we are not persuaded by the arguments in Chief Justice Hornsby’s Leatherwood dissent that Massey and its progeny should be abandoned. The vast majority of our cases concerning this issue decided since Massey have followed its course; thus, the rule has been clear and consistent. Boswell, as the Moore Court noted, failed to discuss “the import on its analysis of the ‘as is’ language.” Moore, 849 So.2d at 925. The majority in Cruse declined to discuss Leatherwood, Haygood, and Massey, despite Justice Houston’s prominent citation of those cases in his dissent in that case. Thus, Boswell and Cruse have been, at best, outlying cases concerning the effect of “as is” clauses in agreements involving the sale of used real property, and we overrule Boswell and Cruse to the extent that they stand for a proposition different than that expressed in Clay Kilgore Constr., Nesbitt, Moore, Leatherwood, Haygood, O’Connor, and Massey.

IV. Conclusion

Because the “as is” clause in the purchase agreement negated any reliance the Teers may have had on previous representations made by Johnston in the disclosure statement concerning the property in question, the Teers cannot establish their fraud claim against Johnston. Accordingly, the trial court did not err in entering a summary judgment in favor of Johnston and against the Teers in this action. The judgment of the trial court therefore is affirmed.
AFFIRMED.
*262 LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.
COBB, C.J., dissents.

. The "justifiable reliance” standard referenced in Massey v. Weeks Realty Co., 511. So.2d 171 (Ala.1987), has been supplanted by the "reasonable reliance” standard announced in Foremost Insurance Co. v. Parham, 693 So.2d 409 (Ala.1997).